## RICE v. STATE OF INDIANA

[No. 27,756. Filed November 23, 1942.]

*Paul Haywood,* of Bloomfield, for appellant.

*George N. Beamer,* Attorney General, *James K. Northam,* First Assistant Attorney General, *Robert E. Agnew,* Deputy Attorney General, and *Willis Hickam,* of Spencer, for appellee.

SHAKE, J.—The record discloses that on October 4, 1941, the appellant was charged by affidavit with rape and encouraging delinquency. On October 6th he was arraigned and entered a plea of not guilty, and on February 14, 1942, the cause was assigned for trial for April 8th. Several months before the trial date a firm of attorneys entered their appearance as counsel for the appellant, but this appearance was withdrawn by permission of the court about noon on April 7th, the day before the trial. Thereafter, on the evening of the same day other attorneys offered to appear for the defendant providing the court would assign the case

for a later date to afford them time to familiarize themselves with the case. This request for a continuance was denied and said attorneys refused to appear for the appellant.

An affidavit made on behalf of the State by the prosecuting attorney recites that on the morning of April 8th the appellant appeared for trial without an attorney, at which time he said to the court, "Isn't there some way the court can appoint an attorney for me?", to which the presiding judge merely replied, "Yes, there are ways that can be done if the facts are such that you can qualify for it." Thereupon, a jury was impaneled, and the trial proceeded without counsel for the appellant. At the trial two witnesses testified for the State. The appellant attempted cross-examination, during which he stated that he could not go on because he was no lawyer and had none. He also inquired of the court as to the chance of obtaining the attendance of a certain witness in his behalf. To this the court made no reply, but the prosecuting attorney observed, "That's entirely up to you" and the prosecuting witness interjected, "It's the truth, what's the use of getting a witness."

The appellant was found guilty of rape and sentenced by the court to serve not less than 5 nor more than 21 years in the state reformatory. The Attorney General concedes that under § 10-4201, Burns' 1933 (Supp.), § 2421-1, Baldwin's Supp. 1941, upon which the charge was based, the proper penalty is 2 to 21 years but says that we should direct a modification of the judgment.

Error is predicated upon the action of the trial court in forcing the appellant into trial without counsel. The State defends upon the ground that there was no showing that the appellant was a pauper. This is no answer. In *Powell* v. *Alabama* (1932), 287

U. S. 45, 53, 77 L. Ed. 158, 53 S. Ct. 55, the Supreme Court of the United States said: "It is hardly necessary to say that, the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice." The request of the attorneys of record to withdraw their appearance on the eve of the trial ought to have been denied or the trial postponed sufficiently long for new counsel who were willing to appear to familiarize themselves with the case.

The judgment is reversed with directions to sustain the appellant's motion for a new trial.

NOTE.—Reported in 44 N. E. (2d) 829.