ERNEST GRAHAM *v.* STATE OF INDIANA.

[No. 370S56. Filed April 21, 1971. Rehearing denied June 21, 1971.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—The defendant was indicted for first degree murder. A trial by jury in the Marion Criminal Court, Division Two, resulted in a verdict of guilty of second degree

murder and the defendant was sentenced to the Indiana State Prison for life.

Under Burns Indiana Stat. Anno., § 10-3404, the crime of second degree murder requires that a person purposely and maliciously kill a human being, premeditation not being necessary. The defendant argues on this appeal that there is no evidence in the record to show that the killing was in fact done purposely and maliciously. Whether the death was caused purposely and maliciously was a question of fact for the jury. *Schlegal* v. *State* (1958), 238 Ind. 374, 150 N. E. 2d 563; *Brattain* v. *State* (1945), 223 Ind. 489, 61 N. E. 2d 462. Further, this Court has stated: "Only when the evidence is without conflict and leads to but one reasonable conclusion, and the verdict of the jury reaches a contrary conclusion, will the verdict be disturbed as being contrary to law. *White* v. *State* (1963), 244 Ind. 199, 191 N. E. 2d 486; *Warren* v. *State, supra; Bowens* v. *State* (1953), 231 Ind. 559, 109 N. E. 2d 91." *Baker* v. *State* (1964), 245 Ind. 129, 137, 195 N. E. 2d 91, 94.

In the case before us, the evidence shows that the fight between the defendant and the deceased started over the ownership of a bottle of beer. The deceased, William Billups, apparently struck the first blow, after some minor scuffling. From there on, however, the defendant controlled the situation. There is evidence in the record showing that after the initial blow the deceased did nothing, and that the defendant literally beat him to death. The use of scissors and a fork to mark the deceased's face and body for the pleasure of inflicting injury to the deceased as he lay helpless proved malice beyond any degree of doubt. The use of a gun, gun barrel, and stock to beat the deceased, the repeated kicking of the deceased, and the refusal to allow help to be called, together with the defendant's statement that he was going to kill the deceased, show such malice and intent that the jury could reasonably have returned a verdict of guilty of second degree murder.

The judgment of the trial court is therefore affirmed.
Givan, Prentice, DeBruler, Hunter, JJ., concur.

NOTE.—Reported in 268 N. E. 2d 612.