ERNEST GRAHAM v. STATE OF INDIANA.

[No. 370S56. Filed November 15, 1973. Rehearing denied January 15, 1974.]

*William C. Erbecker*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert F. Colker*, Assistant Attorney General, for appellee.

HUNTER, J.*—This is an appeal arising from the denial of post conviction relief. Appellant was convicted at trial of second degree murder and sentenced to life imprisonment in the Indiana State Prison. The conviction was affirmed by this Court in *Graham* v. *State* (1971), 256 Ind. 307, 268 N. E. 2d 612. On April 24, 1972, the appellant filed a petition for post conviction relief which was heard and denied on December 27, 1972. From the overruling of his motion to correct errors, appellant instituted this appeal.

Appellant first contends that he was denied effective assistance of counsel in preparation for his original trial. Appellant is not impugning the competency of his trial attorney, but rather is alleging that his counsel was not afforded adequate time for preparation. The record discloses that the trial court appointed counsel on the morning the cause was set for trial. Appellant alleges that the court-appointed lawyer conferred with him only twenty (20) minutes prior to the trial's commencement. The fact appearing, without more, would unhesitatingly lead this Court to the conclusion that the right to effective counsel was impaired by lack of adequate preparation where the crime charged is murder. However, our examination of the instant facts does not end here. On the day that trial counsel was appointed, appellant was given the opportunity to continue his case to provide for adequate preparation time. The following colloquy took place between the trial court and the appellant.

---

* This case was assigned to this office on September 21, 1973.

*"THE COURT:* "Alright, Sheriff, bring out the defendant. Alright, Mr. Graham, there are no jurors in the courtroom, your lawyer is here, Mr. Brunt, the prosecutor is here by Mr. Millen. Now, we have a jury here to try you today if you want to be tried, but they're not in the courtroom, so they don't hear a word you're saying. Now, your lawyer just got back into this case this morning. I don't want him criticized. I don't want the Supreme Court criticizing him like they criticized Mr. Nedeff in the Varderman Shack case. This time the record of this hearing will go to the Supreme Court if you want it to, you understand."
*MR. GRAHAM:* "Right."
*THE COURT:* "In the other case the prosecutor wasn't bright enough to get that matter in the record. We offered this to the same man, Varderman Shack, but he wanted a trial real quick, too. Now, if you want a trial today, you're coming in with a lawyer that's—who is not fully prepared, you understand."
*MR. GRAHAM:* "Right."
*THE COURT:* "But I don't want you raising that question, in the event you're convicted, to the Supreme Court, because, I'm offering you a continuance. If you want your case continued I'll be glad to continue it for you."

\* \* \*

*THE COURT:* "I'm offering him a continuance. His lawyer has not had a full chance to prepare this case. I don't want the same thing happening here that happened in the Varderman Shack case, where lawyers and people are criticized. Now, this morning you've been telling me all morning that you want a trial right today, and we're going to give you a trial right today, but, it's your responsibility, not the Court's. Now, if you want a trial we'll have a trial here. I told all of the jurors to come back at 2:00 o'clock this afternoon, or you can have a continuance. Take your choice. Did you hear what I said to him, Mr. Millen?"
*MR. MILLEN:* "Yes, Your Honor."
*THE COURT:* "Is it loud enough?"
*MR. MILLEN:* "I heard it very clearly, Judge."
*THE COURT:* "What's your name?"
*DEP. SHERIFF EARLY REID:* "Early Reid."
*THE COURT:* "Did you hear what I told him?"
*DEP. SHERIFF REID:* "Yes, sir."
*THE COURT:* "That he could have a continuance."
*DEP. SHERIFF REID:* "Yes, sir."
*MR. MILLEN:* "Might observe the defendant's only standing about three feet away from the Court."

*THE COURT:* "Well, his wife's here and his father's here. Is that his father or his father-in-law?"

*MR. GRAHAM:* "We'll go to trial today."

*THE COURT:* "Did you hear what I said to you, about not complaining about it later?"

*MR. GRAHAM:* "That's right."

*THE COURT:* "Did you hear me?

*MR. GRAHAM:* "That's right."

*THE COURT:* "If this case should turn out—you know, you never can tell what twelve people will do on a jury—if this case should turn out the way you don't want it, I don't want you raising the question or saying that you weren't prepared, or that you did not understand. Have you understood everything I've said to you this morning?"

*MR. GRAHAM:* "Right."

*THE COURT:* "Wife, have you understood everything?"

*MRS. GRAHAM:* "I have."

*THE COURT:* "And, who's this gentleman?"

*DEFT'S FATHER:* "His father."

*THE COURT:* "Father, have you heard what I said? What's the father's name?"

*MR. WILLIE GRAHAM:* "Willie Graham."

*THE COURT:* "Alright, Mrs. Court Reporter, show this. Lawyer Barton withdraws appearance for the defendant. Court re-instates Richard Brunt as attorney for the defendant. Court informs the defendant that he may have a continuance if he so desires, and the defendant, in the presence of his attorney, Richard Brunt and Deputy Prosecutor Millen, now informs the Court he desires a trial this day and will not raise the question of incompetency of counsel by reason of the desire of the defendant for a trial today. Correct?"

*MR. GRAHAM:* "Right."

*THE COURT:* "Did you understand those big words?"

*MR. GRAHAM:* "Right."

*THE COURT:* "The reason I'm saying this to you, we had another case like this, a couple or three or four years ago, where a fellow wanted a trial today, you understand, and the jury brought in a verdict he didn't like, so, then, he got himself another lawyer and they raised the question in the Supreme Court that the lawyer only spent eighteen hours trying to get the case—you know, studying the case. Now, your lawyer here hasn't had eighteen hours time to prepare this case even, you understand."

*MR. GRAHAM:* "Right."

*THE COURT:* "And, I want you to know it's your responsibility. You're the person that wants the trial. I've said it to you, maybe, four or five times today, haven't I?"

*MR. GRAHAM:* "Right, sir."

*THE COURT:* "I've offered you a continuance four or five times today, haven't I?"

*MR. GRAHAM:* "Right."

*THE COURE:* "You still want to go to trial today?"

*MR. GRAHAM:* "Right."

*THE COURT:* "Because I don't think he should go to trial so quick, but, since he insists on it, I'm going to send him to trial."

*MR. GRAHAM:* "Well, Your Honor, I won't be able to get out on bond, anyway, so I don't want a continuance."

*THE COURT:* "That's up to you. Do you want a trial today?

*MR. GRAHAM:* "Right."

*THE COURT:* "You'll have it."

*MR. GRAHAM:* "Thank you."

Contrary to appellant's contention, he was not "forced to trial" with inadequate representation. The trial court gave the appellant more than ample opportunity to prepare for his defense through a continuance of the cause. The court repeatedly explained the appellant's right to postpone the trial in order to allow counsel to better assist him. Nevertheless, the appellant insisted upon an immediate trial.

The State argues that the appellant waived his right to adequate time for trial preparation by insisting upon an immediate trial on November 17, 1969. As we have previously stated, waiver is the voluntary relinquishment of a known right. *Langley* v. *State* (1971), 256 Ind. 199, 267 N. E. 2d 538. Finding waiver of constitutional rights is not to be lightly undertaken. However, on the facts of this case, we agree with the State that appellant did waive his right to adequate time for trial preparation. Appellant was fully apprised of the possible consequences of rushing into trial. He responded affirmatively when queried as to whether he understood the choice he had made.

Appellant is also alleging that he was denied due process of law in that he was convicted upon perjured testimony. He contends that if certain taxicab records were produced, they would show that one of the State's witnesses was lying at trial. Appellant's contention amounts to a belated attempt to introduce evidence known to him at his earlier trial in order to controvert evidence which convicted him. Collaterally, the appellant attacks the character of the same witness, alleging, *inter alia*, that she is a heavy drinker. It is apparent that the appellant is not raising newly discovered evidence, but is instead attempting to re-argue the sufficiency of the evidence which convicted him. The sufficiency of the evidence was fully reviewed by this Court on the previous direct appeal. *Graham* v. *State, supra.* Post conviction relief is not a substitute for direct appeal. PC. 1 § 1 (b).

Finding no error in the post conviction relief hearing, the judgment of the trial court is hereby affirmed.

Arterburn, C.J., Givan and Prentice, JJ., concur; DeBruler, J., dissents with opinion.

## DISSENTING OPINION

DeBRULER, J.—While I can readily agree with the majority's statement that a total preparation time of twenty minutes for the defense in a case involving a charge of murder would "impair" the right of effective assistance of counsel, I cannot conclude from the record here that there was a valid and sufficient waiver of this right.

I believe it is necessary for a proper analysis of the issues presented here that we recognize that the right which appellant was called upon to relinquish in this proceeding amounted to nothing less than an outright waiver of his Sixth Amendment right to the effective assistance of counsel. It has been explicitly and repeatedly recognized by both the United States and Indiana Supreme Courts that adequate pre-trial preparation time is implicit in the constitutional right to counsel.

In *Powell* v. *Alabama* (1932), 287 U.S. 45, 53 S. Ct. 55, 77 L. Ed. 158, the Federal Supreme Court held that:

"The prompt disposition of criminal cases is to be commended and encourage, but in reaching that result a defendant, charged with a serious crime, must not be stripped of his right to have sufficient time to advise with counsel and prepare his defense.

\* \* \*

" 'It is vain to give the accused a day in court with no opportunity to prepare for it or to guarantee him counsel without giving the latter any opportunity to acquaint himself with the facts or the law of the case.' " 287 U.S. at 59.

Several years later that Court again recognized this important aspect of the right to counsel and more clearly delineated the functions counsel was to perform in this critical pre-trial period:

"Prior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved. . . ." *Von Moltke* v. *Gillies* (1948), 332 U.S. 708, 721, 68 S. Ct. 316, 92 L. Ed. 309.

This Court has been quite clear in its interpretation of adequate preparation time as it affects both the Article 1, § 13, right to counsel of the State Constitution as well as the Sixth Amendment of the Federal Constitution.

"The right to counsel includes reasonable time for counsel to prepare for trial under the circumstances of each particular case if the right is to be given a fair opportunity to safeguard the rights of a defendant charged with a crime. The right to investigate and confer with witnesses as well as subpoena them is included in representation by counsel." *Hoy* v. *State* (1947), 225 Ind. 428, 436, 75 N. E. 2d 915.

In the later case of *Lloyd* v. *State* (1960), 241 Ind. 192, 170 N. E. 2d 904, we stated:

"We do however hold that where the charge was murder, which carries the penalty for life imprisonment or life itself, a period of two and one-half hours was utterly insignificant for consultation, investigation and preparation for trial resulting in a virtual denial of the appellant's constitutional right to the assistance of counsel." 241 Ind. at 199.

See also *Sweet* v. *State* (1954), 233 Ind. 160, 117 N. E. 2d 745; *Taylor* v. *State* (1949), 227 Ind. 131, 84 N. E. 2d 580; *Rice* v. *State* (1942), 220 Ind. 523, 44 N. E. 2d 829.

These cases demonstrate clearly that the appellant here relinquished not a mere incidental to his right to counsel but an aspect of that right which has been held to be essential to its fulfillment. That being the case any alleged waiver he may have exercised must reach the level of a waiver of a Sixth Amendment right.

The right to counsel is a right the waiver of which cannot be presumed from a silent record. *Miranda* v. *Arizona* (1966), 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694; *Carnley* v. *Cochran* (1962), 369 U.S. 506, 82 S. Ct. 884, 8 L. Ed. 2d 70.

In order for the waiver to meet constitutional standards it must be shown to have been made voluntarily, knowingly and intelligently. *Johnson* v. *Zerbst* (1938), 304 U.S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461; *Nacoff* v. *State* (1971), 256 Ind. 97, 267 N. E. 2d 165; *Mims* v. *State* (1970), 255 Ind. 37, 262 N. E. 2d 638.

"Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevent circumstances and likely consequences." *Brady* v. *U.S.* (1970), 397 U.S. 742, 748, 90 S. Ct. 1463, 25 L. Ed. 2d 747.

With these standards in mind I do not believe that a waiver of a constitutionally recognized aspect of the Sixth Amendment which requires that a defendant and his attorney be given an adequate preparation time can be considered valid unless the defendant has been fully informed of the hazards of his decision. Since adequate preparation time has been held to be absolutely essential to, and implicit in, the right to counsel a court must inquire as to defendant's comprehension and understanding of what he is waiving.

"A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all

the circumstances under which such a plea is rendered." 332 U.S. at 724.

The bare and conclusory waiver presented in the majority opinion here is clearly insufficient since it is without inquiry as to the appellant's understanding and comprehension of the implications of his decision. A defendant can waive this aspect of the Sixth Amendment only if he has an intelligent understanding of what an attorney can do for him. It is not sufficient that he may have a vague notion that lawyers are sometimes of assistance in such matters. The Constitution requires that a defendant have knowledge of exactly what he is foregoing by his waiver. The appellant should have been made aware that his decision to proceed to trial with a lawyer who has spent twenty minutes in preparation of his defense would result in his attorney being unacquainted with appellant's version of the facts; unacquainted with the State's theory of the case and unprepared for a theory of defense; unacquainted with pre-trial events; unacquainted with any potential defense witnesses; unacquainted with the State's witnesses and possible areas of cross examination; and without time to prepare special instructions which might be usefully submitted to the jury on the issues raised in the case.

Since I believe the alleged waiver set out above is totally insufficient to meet these high standards I must respectfully dissent.

NOTE.—Reported in 303 N. E. 2d 274.