WALLACE J. FINCH *v.* STATE OF INDIANA.

[No. 375S62. Filed December 18, 1975.]

*Nicholas J. Schiralli,* of Merrillville, for appellant.

*Theodore L. Sendak,* Attorney General, *Arthur Thaddeus Perry,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The Appellant was convicted on September 17, 1974, for kidnapping and the commission of or attempt to commit crime while armed with a deadly weapon. Testimony of Merrie Laster revealed that on June 7, 1974, the witness finished work at a steel plant at about 7:00 a.m. As she entered her auto, a man put a straight razor in front of her face and told her to move over. The witness was forced at razor-point to drive this man around. Various sexual advances were made toward her, including kissing and other physical contact, in the course of this drive. At about 9:00 a.m. the witness was able to escape from the car. Later that day at the police station and at trial the witness identified the Appellant as her assailant.

## I.

The Appellant's first contention of reversible error is that the State failed to prove a material element of the crime charged. Ind. Code § 35-12-1-1, Burns § 10-4709 (Supp. 1975), provides in part:

"Any person who being over sixteen [16] years of age, commits or attempts to commit any felony while armed with any dangerous or deadly weapon, or while any other person is present and aiding or assisting in committing or attempting to commit such felony is armed with any dangerous or deadly weapon, shall be guilty of a separate felony and upon

conviction shall be imprisoned for [a] determinate period of not less than ten [10] years nor more than thirty [30] years."

The Appellant contends (for the first time on appeal) that there was no direct testimony at trial establishing that the Appellant was over sixteen years of age. We find that the Appellant has waived the right to appeal such issue.

The Appellant's Motion to Correct Errors purports to embrace this issue with the following specification of error:

"5. That the verdict of the jury was contrary to the evidence."

Such a general statement is not sufficiently specific to meet the requirements of our trial rules. It is insufficient to put the trial court on notice of the particular error alleged.

Ind. R. Tr. P. 59, made applicable to criminal cases by Ind. R. Cr. P. 16, provides as a condition for appeal that a motion to correct errors shall separately state each error *with specificity*. In listing a number of errors which may be alleged, Ind. R. Tr. P. 59(A) states in part:

"(4) The verdict or decision is not supported by sufficient evidence upon all necessary elements of a claim or defense, or is contrary to the evidence specifically pointing out the insufficiency or defect [.]"

Subsection (B) of that rule similarly reads in part:

"The statement of claimed errors shall be specific rather than general, and shall be accompanied by a statement of the facts and grounds upon which the errors are based."

Issues asserted to be errors not stated with specificity in a motion to correct errors are deemed waived on appeal pursuant to subsection (G) of Ind. R. Tr. P. 59. *Spivey* v. *State*, (1971) 257 Ind. 257, 274 N.E.2d 227. The Appellant's Motion to Correct Errors is deficient in this respect regarding this issue. An alleged error should be first specifically presented to the trial court for an opportunity for correction and should not be hidden in a generality to be later specifically

raised on appeal. There is no showing that such claimed insufficiency in the evidence was specifically presented to the trial court.

If the question of the Appellant's age had been raised at the end of the State's evidence, the State could have asked permission to present additional evidence on that point. The trial court would ordinarily be required to give such permission. Thus the error would have been corrected in the trial court.

A party in either a civil or criminal matter may not raise on appeal an issue which could have easily been determined or remedied in the trial court without first giving the trial court the opportunity to correct it. It is the very purpose of Trial Rule 59 to avoid such technical objections as here being made for the first time on appeal. If this alleged deficiency of evidence had been raised in the trial court it could easily have been disposed of there, finally and without any appeal on the issue.

## II.

The Appellant's second contention is that the trial court committed reversible error when it admitted into evidence a razor obtained in a search incident to a warrantless arrest of the Appellant. It is contended that the procuring of a warrant was practicable and that the seized evidence was thus the fruit of an unlawful arrest.

The United States Constitution provides that arrests and seizures shall be made under authority of a warrant. However, a warrant is not required where probable cause for an arrest exists and exigent circumstances made the procuring of a warrant impracticable. *Stuck* v. *State*, (1970) 255 Ind. 350, 264 N.E.2d 611. The Appellant finds no such exigent circumstances. We can not agree.

Officer Richard Olds testified that on June 7, 1974, he received a report that a molesting was in progress at 208 Chase Street in Gary. He arrived at that address and was met by

Ynetta Bass. Bass told the officer that Wallace Finch, who was in the residence at 208 Chase Street, had forced her to drive to that address and had robbed her of eighty dollars. Officer Olds then proceeded to the home. He was met there by a woman named Smith. She told him there was no one else in the house. Officer Olds returned to his car and radioed for assistance, since several neighbors in addition to Ynetta Bass told him that the Appellant was indeed in the house. Officer Olds then returned to the house and spoke to Smith. He once more asked if the Appellant was there, stating that he had been told that the Appellant had come into the house. She then said that he was there but she "was afraid he might do something, so she told us no." The officer then went into the house and arrested the Appellant. When they returned outside, the Appellant was searched and a straight razor taken from him. This razor was admitted into evidence at trial.

These circumstances justified a warrantless arrest. Officer Olds knew that one woman, Ynetta Bass, had been threatened and robbed. Another woman had concealed the Appellant's presence only because "she was afraid he might do something." If Officer Olds had left to seek an arrest warrant, he would have left a witness cooperating with law enforcement authorities in a position of possible danger. This probability of exposure to danger is an exigent circumstance within the contemplation of the *Stuck* decision.

Finding no error, we affirm the judgment of the trial court.

Givan, C.J., Hunter, Prentice, JJ., concur; DeBruler, J., dissents with opinion.

## DISSENTING OPINION

DEBRULER, J.—The evidence presented by the State which may be deemed relevant to establishing that appellant was over the age of 16 years at the time of this alleged offense does not differ significantly from that evidence of age found insufficient to support a conviction for armed robbery in

*Watson* v. *State*, (1956) 236 Ind. 329, 140 N.E.2d 109. It is therefore patent that the conviction on Count II for armed robbery would be reversed and a new trial ordered on that count, but for the waiver of the right to appeal on this issue imposed by the majority opinion.

In recent years, this Court has not permitted lack of specificity in motions to correct errors to stand in the way of reaching the merits of appellate claims. *Kleinrichert* v. *State*, (1973) 260 Ind. 537, 297 N.E.2d 822; *Williams* v. *State*, (1969) 253 Ind. 316, 253 N.E.2d 242; *Lewis* v. *State*, (1969) 252 Ind. 454, 250 N.E.2d 358; *Branan* v. *State*, (1974) Ind. App., 316 N.E.2d 406. *See also, Farmer* v. *State*, (1971) 257 Ind. 511, 275 N.E.2d 783. We have ignored this type of technical defect in order to prevent future wasteful post-conviction proceedings and to provide equality of treatment and fairness. Particularly is this true of a sufficiency claim. A conviction without evidence is a denial of due process. *Thompson* v. *Louisville*, (1960) 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654. Sufficiency of evidence is a constitutional claim. Here, the motion to correct errors challenged the sufficiency of evidence without specifying wherein the evidence was deemed to be insufficient. In effect, this claim raised the sufficiency claim as to each element of the offense including the element of age. The trial judge knew what the statutory elements were. He heard the evidence. He had once ruled on a motion for directed verdict. I consider the claim of insufficiency of the evidence of age to be properly before this Court. The conviction on Count II for armed robbery should be reversed on authority of *Watson* v. *State*, *supra*. The conviction for kidnapping should be affirmed.

NOTE.—Reported at 338 N.E.2d 629.