JOHNNY LEE MAY AND LEE THOMAS LYNK *v.*
STATE OF INDIANA.

[No. 775S168. Filed June 23, 1976.]

*Dolores Goldman,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *James N. Shu-macker,* Deputy Attorney General, for appellee.

HUNTER, J.—Appellants Lee Thomas Lynk and Johnny Lee May were indicted by the Lake County Grand Jury in the death of Edward H. Hoolehan. The first count of the indictment charged each defendant with first degree murder. The second count of the indictment charged each defendant with felony (robbery)-murder. The jury by its verdict found appellant Lynk guilty on both counts. He was ultimately sentenced to life imprisonment on the first count. The jury found appellant May guilty of second degree murder on the first count and guilty of the second count. He was ultimately sentenced to life imprisonment on the second count. Appellant's belated motion to correct errors was overruled and this appeal follows.

The single issue framed by appellants' motion to correct errors is whether the verdict of the jury is sustained by sufficient evidence. Upon reviewing appellant's brief, we find that appellants have wholly failed to present the Court with an argument specifying wherein they believe the evidence is insufficient. It is impossible to ascertain from the

brief presented whether the evidence is believed to be insufficient with regard to particular elements of the crimes of which appellants were convicted, or whether the evidence is believed to be insufficient in general. In short, appellants have wholly failed to present this Court with an argument as required by Ind. R. Ap. P. 8.3(A)(7) in regard to the sufficiency question and pursuant to that rule we deem the issue waived. *Finch* v. *State,* (1975) 264 Ind. 48, 338 N.E.2d 629.

While not arguing the sufficiency issue, appellants attempt to have reviewed the admissibility of May's confession, arguing that it was involuntarily given and was the product of an illegal arrest. Appellant Lynk contends that May's statement was erroneously admitted because it illegally implicated him. These issues were not presented to the trial court in the motion to correct errors and are also waived on appeal. Ind. R. Tr. P. 59 (G), Ind. R. Ap. P. 8.3 (A) (7). *Finch* v. *State, supra.*

Finding no reviewable issue presented, the judgment of the trial court is affirmed.

Givan, C.J., Arterburn and Prentice, JJ., concur.

DeBruler, J., concurs in result with opinion.

## CONCURRING OPINION

DeBruler, J.—I find that appellants' brief contains a minimally sufficient argument in support of the contention that the trial court erroneously admitted May's statement and therefore cannot join with the majority in its finding of waiver of that issue under Ind. R. Ap. P. 8.3(A)(7). However, with regard to the waiver of this same issue upon application of Ind. R. Tr. P. 59(G) the majority is accurate in its finding that the motion to correct errors contains no mention of the admissibility issue.

In the trial court there was a hearing on the admissibility of the statement. Here on appeal there is a minimally sufficient argument on the point in the brief. However, the motion to correct errors is silent on the issue. My opposition to the

imposition of a waiver of a constitutional claim by us under circumstances such as these has been repeated several times, and has been rejected on each such occasion. *Graham* v. *State*, (1973) 261 Ind. 330, 303 N.E.2d 274; *Finch* v. *State*, (1975) 264 Ind. 48, 338 N.E.2d 629. I consider myself bound to follow overbroad interpretations given Rule 59 (G) by the present majority, and therefore vote to affirm the conviction without considering the correctness of the trial court's ruling on the admissibility of the statement.

NOTE.—Reported at 349 N.E.2d 171.