MELON CARROLL *v.* STATE OF INDIANA.

[No. 476S112. Filed September 30, 1976.]

*Harriette Bailey Conn*, Public Defender of Indiana, *Carr L. Darden, Sr.*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Daniel Lee Pflum*, Deputy Attorney General, for appellee.

PRENTICE, J.—This is an appeal from the denial of Post-Conviction Relief. The petitioner was convicted in a bench trial December 19, 1973, of kidnapping and rape, over an alibi defense. He was sentenced to life imprisonment. His direct appeal challenged the sufficiency of the evidence as the only issue presented and was decided adversely to him on July 23, 1975. (Reference 324 N.E.2d 809.)

The petition for relief alleged the following enumerated grounds, was denied on November 4, 1975, and the motion to correct errors was overruled on January 6, 1976.

(1) Defendant was not duly advised of the charges against him, contrary to the guarantees of the Constitution of the United States, Fifth, Sixth and Fourteenth Amendments and of the Constitution of Indiana, Article I, Section 13.

(2) Petitioner was not called and had no opportunity to testify before the grand jury that returned the indictments upon which he was tried.

(3) The trial court erred and abused his discretion in denying petitioner's motion for a change of venue.

(4) Sentence of life imprisonment for kidnapping is cruel and unusual punishment as disproportionate to the seriousness of the offense, contrary to the Constitution of the United States, Eighth Amendment.

(5) Petitioner was denied effective representation prior to and during his trial.

Except as to the fourth allegation, the State met the petitioner with both denials and claims of waivers, and it

would appear that, absent a finding of ineffective representation, the issues presented under allegations one, two and three had been waived by failure to raise them at the appropriate stages of the proceedings. *Brown* v. *State*, (1974) 261 Ind. 619, 308 N.E.2d 699; *Kidwell* v. *State*, (1973) 260 Ind. 303, 295 N.E.2d 362; *Graham* v. *State*, (1973) 261 Ind. 330, 303 N.E.2d 274; *Davis* v. *State*, (1975) 263 Ind. 327, 330 N.E.2d 738. However, inasmuch as the trial judge elected to treat these claims upon their merits, we shall review his findings and conclusions upon their merits.

At the outset, we note that the petitioner in a post-conviction proceeding has the burden of establishing his grounds for relief by a preponderance of the evidence. Ind. R. P. C. 1, § 5. The judge hearing the petition weighs the evidence and the credibility of the witnesses. *Davis* v. *State, supra.* His determination will be reversed only where the evidence is without conflict and leads unerringly to a result not reached by the trial court. *Roberts* v. *State*, (1975) 263 Ind. 53, 324 N.E.2d 265.

## ISSUE I

At the hearing, the petitioner's testimony disclosed that he was sufficiently advised of the charges against him. His only complaint was that he did not personally receive a copy of the indictment. We do not perceive this to be error under the circumstances of this case. There has been no showing or attempt to show how he was harmed. He entered a plea of not guilty, and the State was required to prove the charges beyond a reasonable doubt. If there was any lack of understanding upon his part, it is, nevertheless, apparent that such did not impair his defense. *Davis* v. *State, supra.*

## ISSUE II

Petitioner had no right to appear before the grand jury to protest or lessen the likelihood that it would return indict-

ments against him. He cites no authority supporting his claim that such a requirement for grand jury procedures would be preferable, and we do not agree that it would be. It is ludicrous to assert that the failure to call him as a grand jury witness in any way prejudiced his fair trial rights. He could as well have been tried upon an information. Ind. Code 1971, 35-3.1-1-1.

## ISSUE III

A hearing was held upon the motion for a change of venue, notwithstanding the State's motion to strike it for late filing. There is no bill of exceptions containing the evidence submitted in support of the motion. Had the trial judge in fact erred in his ruling upon the motion, it would have been subject to a sufficiency review as are other issues of fact. Without a bill containing the evidence, however, nothing could have been presented for review. *Turner* v. *State*, (1972) 259 Ind. 344, 287 N.E.2d 339; *Stevens* v. *State*, (1973) 260 Ind. 326, 295 N.E.2d 622; *Cooper* v. *State*, (1972) 259 Ind. 107, 284 N.E. 2d 799.

Nevertheless, the trial judge at the post-conviction hearing permitted the petitioner to relate his reasons for wanting a change.

"Q. Now, Mr. Carroll, apparently you filed a motion for change of venue from the County. Is this not true?

"A. Yes, Sir.

"Q. Okay. Could you tell the Court what was your reason for doing this?

"A. Well, when I was in jail, I'd heard a lot of talk, you know. We don't—we're not allowed to have newspapers or anything there, you know. And, I heard talk, you know.

"Q. Talk about what?

"A. About my arrest, you know, the kidnapping and the robbery and the rape. And, they said the newspaper was playing it up pretty big, you know. So, I figured, you know, I'd stand a better chance, you know, in another county. But, like I say—

"Q. And, you—you did file a motion for a change from the County?

"A. Right.

"Q. Now, did you present any evidence that the newspapers had played—played this case up?

"A. Well, I couldn't—I couldn't present any evidence because I was in jail. And, like I said, we're not allowed to have newspapers or anything to that effect in jail.

"Q. But, there was a wide-spread rumor that the case was well talked about?

"A. Yeah. Because guys would be coming in and out of the block, you know. And, just about everytime somebody would come—come to Court and back, they would be able to tell me something, you know, about they heard about this in the papers, you know, they read about this in the paper or somebody was telling them about it or something, you know.

"Q. Now, you did come before the Court to have a hearing on your motion. At that time, did you present any evidence that the papers or the news media, in effect, had given a lot of adverse publicity concerning your particular charge?

"A. No. But, I think maybe my counsellor might have.

"Q. Okay. Now, at the time that you entered Court, the record shows that it was in December of 1973. This is some three or four months after this incident took place. Do you know—do you know if—why you waited so long to file this Motion for a Change of Venue?

"A. I don't know. I think I was—let's see. I was indicted in October or something. And, my attorney came over. And, really, it hadn't occurred to me to get a change of venue. Just some of the guys in the block, you know, was telling me that's what I should do, you know, I should ask for a change of venue. So, that's when I sent out a call card for my attorney, you know, to ask him. So, he said he would file one.

"Q. Now, this adverse publicity didn't—wasn't brought to your attention until after you were indicted?

"A. After I was indicted?

"Q. Yes.

"A. No, it was brought before that I—before I was indicted.

"Q. So, in other words, when you were arrested in August, there was still publicity surrounding your case up until the time you were indicted also?

"A. Right."

We can say categorically that the petitioner's testimony did not reflect any error in the denial of the motion for a change of venue.

## ISSUE IV

This issue is controlled by *Critchlow* v. *State*, (1976) 264 Ind. 458, 346 N.E.2d 591, and *Vacendak* v. *State*, (1976) 264 Ind. 101, 340 N.E.2d 352, wherein we have declared that a life sentence for kidnapping had no constitutional infirmities as cruel and unusual punishment as being disproportionate to the seriousness of the crime.

## ISSUE V

Petitioner's claim of ineffective representation was limited to his testimony that his counsel appeared to be inexperienced and that he, the attorney, failed to ask certain questions that the petitioner felt were important. Standing alone, such evidence would not preponderate against the presumption of competency. *Beck* v. *State*, (1974) 261 Ind. 616, 308 N.E.2d 697. In this case, however, the trial judge at the post-conviction hearing also had the testimony of the trial attorney which contradicted the claim of incompetence. The evidence favorable to the State is supportive of the judgment of the trial court.

We find no error, and the judgment of the trial court is affirmed.

NOTE.—Reported at 355 N.E.2d 408.