RONALD CUSHMAN *v.* STATE OF INDIANA.

[No. 977S48.  Filed July 26, 1978.]

*Harriette Bailey Conn,* Public Defender of Indiana, *K. Richard Payne,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Dennis K. McKinney,* Deputy Attorney General.

PRENTICE, J.—Petitioner (Appellant) is before this Court appealing the denial of his petition for post conviction relief, Post Conviction Remedy Rule 1. He was charged with First Degree Murder, Ind. Code § 35-13-4-1 (Burns 1975). He entered a plea of guilty to Second Degree Murder, and was sentenced to imprisonment for an indeterminate period of fifteen (15) to twenty-five (25) years. Petitioner presents the following issues for review:

(1) Whether the petitioner's plea of guilty was entered knowingly and intelligently.

(2) Whether the petitioner was denied adequate representation by counsel at the time his plea was entered.

\* \* \*

## ISSUE I

As his first assignment of error, the petitioner alleges that his plea of guilty was not entered knowingly and intelligently inasmuch as he was under the influence of drugs. The record of the guilty plea hearing indicates that the petitioner was fully advised of his rights by the trial court. With this the petitioner does not quarrel, but he argues that he was incapable of waiving these rights as he was then under the influence of drugs. At the post conviction hearing, he stated that he was told by his attorney to respond affirmatively to all of the judge's questions, which he alleges he did without any comprehension as to what was going on around him.

The burden of proof rests with the petitioner in a post conviction proceeding, to establish his grounds for relief by a preponderance of the evidence. Ind. R. P. C. 1, § 5. The judge hearing the petition is the sole judge of the weight of the evidence and the credibility of the witnesses. *Carroll* v. *State,* (1976) 265 Ind. 423, 355 N.E.2d 408. His decision will be set aside only upon a showing that the evidence is without conflict and leads unerringly to a result not reached by the trial court. *Carroll* v. *State, supra; Roberts* v. *State,* (1975) 263 Ind. 53, 324 N.E.2d 265.

The evidence introduced at the post conviction hearing indicated that the petitioner had been a user of hard drugs prior to the time of the crime charged. He admitted however, to having had no contact with any hard drugs between the time of his arrest and the entry of his guilty plea. Subsequent to the petitioner's arrest and prior to the time of his hearing, he was examined by two court appointed psychiatrists. Both

of the doctors agreed in a written report sent to the trial judge, that the petitioner at the time of the crime, had full comprehension of his actions and, at the time of the examination, the ability to understand the nature of the charges and the proceedings. At the guilty plea hearing, the petitioner's answers were not confined solely to responses of yes and no. On several occasions, he indicated that he did not understand a question on which occasion the judge took time to explain in greater detail. In addition, there was a dialogue between the petitioner and the trial court concerning those present in the court room, the charges pending against him, and the petitioner's general background.

All indications from the record of the pre-trial and guilty plea proceedings are that the petitioner's plea was entered knowingly and intelligently. The trial judge was not required to believe the petitioner's witnesses. *Boles v. State*, (1973) 259 Ind. 661, 291 N.E.2d 357. If he did attach verity to their testimony, we, nevertheless, cannot say in the face of the conflicting record, that his use of drugs mandated the finding that his use of drugs had so debilitated his mind as to render him incapable of a knowing and intelligent judgment.

## ISSUE II

Petitioner's claim of ineffective representation is based upon the following allegations: 1) his attorney instructed him to answer yes to all questions put to him by the trial judge, 2) his attorney advised the guilty plea without a full discussion of the consequences, and 3) his attorney failed to arrange for an independent psychiatric examination. As we have already dealt with the petitioner's first contention under Issue I, we will move directly to his other arguments.

A strong presumption exists that an attorney has discharged his duties faithfully. A defendant must present strong and convincing proof to the contrary in order to overcome this presumption. *Davis v. State*, (1975) 263 Ind. 327, 330 N.E.2d 738; *Haddock v. State*,

(1973) 260 Ind. 597, 298 N.E.2d 418. The evidence presented at the post conviction hearing consisted of the transcript of the guilty plea hearing and the testimony of the petitioner and several of his relatives. At the guilty plea hearing, the petitioner testified that he understood the charges and the consequences of his plea, and that he was satisfied with the representation which he received. The trial court was entitled to accept this evidence over the petitioner's later testimony to the contrary.

As for the petitioner's claim that his attorney failed to arrange a psychiatric examination, the petitioner had been examined previously by two different psychiatrists, each of whom reached the same conclusion. Petitioner's attorney apparently believed, and with good and sufficient reasons, that a third examination would be a waste of both time and money. The petitioner has also failed to meet his burden upon this issue by a preponderance of the evidence.

The judgment of the trial court is affirmed.

Givan, C.J. and DeBruler, Hunter and Pivarnik, JJ., concur.

NOTE.—Reported at 378 N.E.2d 643.