DANNY HENRY *v.* STATE OF INDIANA

[No. 678S104. Filed December 21, 1978.]

*Barrie C. Tremper*, of Fort Wayne, for appellant.

*Theodore L. Sendak*, Attorney General, *Jack R. O'Neill*, Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted of second degree murder in a trial by jury, and was sentenced to a term of imprisonment for a period of not less than fifteen (15) years nor more than twenty-five (25) years. His appeal presents the following as error:

(1)　The denial of the defendant's motion to suppress an out-of-court identification upon the grounds that it was unduly suggestive.

(2)　The admission of an in-court identification of the defendant which was allegedly tainted by suggestive pretrial procedures.

(3)　The sufficiency of the evidence to sustain the verdict on the elements of malice and purpose.

## ISSUES I & II

Shortly after midnight on October 5, 1975, the defendant entered Katy's Massage Parlor and asked for a man named Vince. Cynthia Girard, a masseuse at the parlor, told him that Vince was not there, and he left. About forty-five minutes later, the defendant returned. This time he was carrying a shotgun and asked for money. Ms. Girard told him she did not have any money, but that there was another girl in one of the back rooms, the decedent. The decedent came out carrying her purse, and the defendant asked her for her money. She refused to give it to him, and he grabbed her purse. As he did so, the shotgun discharged and that shot struck the decedent in the head. She later died of the wound received.

Prior to the start of trial, the defendant moved to suppress evidence of a lineup identification of the defendant by Ms. Girard. Following a hearing held upon the motion, it was denied by the trial court. At trial, the defendant made no objection to Ms. Girard's testimony concerning either the pre-trial lineup or to her in-court identification. On appeal

the defendant alleges that the trial court erred in admitting her testimony as to both the in-court and the out-of-court identifications.

The evidence introduced at the suppression hearing with regard to the out-of-court identification was as follows:

The defendant was arrested by the police on August 3, 1976, on a charge of first degree burglary. Since he was but seventeen years old at the time, the police requested and received permission from Allen Superior Court Judge Jackson to photograph and fingerprint the defendant and place him in a lineup. After numerous attempts were made to contact the defendant's mother in order to have an attorney appointed for the defendant, an attorney from the Public Defender's office was appointed to handle his case.

On September 3, 1976, the defendant and five other young men generally fitting the defendant's description were placed in a lineup. Each individual was required to step forward, state his name and repeat several phrases. The order of the lineup was changed three times, and after each change Ms. Girard positively identified the defendant. Both the defendant's mother and his attorney were present during the entire procedure.

On appeal the defendant contends that the lineup was unduly suggestive since the police singled him out to the witness by informing Ms. Girard of his identity prior to the lineup and by suggesting that they had a suspect who would be in the lineup. At the suppression hearing, however, the defendant failed to introduce any evidence to support his claims. Although a reference was made to a photographic display held prior to the lineup, no evidence was introduced to indicate that Ms. Girard had been informed of the defendant's identity at that time or that he would be one of the individuals in the lineup. There is no indication from the evidence produced at the hearing that the pre-trial identification procedures employed by the police were "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, (1968) 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247.

We find no merit in the defendant's claim that the trial court erred

in admitting Ms. Girard's in-court identification of the defendant, since it rests solely upon the contention that the pre-trial lineup was ■ unduly suggestive. In addition, however, the defendant has waived review of this issue by failing to object at trial to the identification, *Jones v. State*, (1973) 260 Ind. 463, 296 N.E.2d 407, and by failing to raise the issue in his motion to correct errors. *Finch v. State*, (1975) 264 Ind. 48, 338 N.E.2d 629.

## ISSUE III

The defendant contends that the evidence was insufficient to establish the requisite malice necessary to support a verdict of second degree murder. He argues that the evidence discloses that while the decedent was struggling with her assailant the gun accidentally discharged and that, therefore, he was acting neither purposefully nor maliciously.

It has been stated by this Court on innumerable occasions that the elements of malice and purpose may be inferred from the deliberate use of a deadly weapon in a manner likely to cause death or ■■ great bodily harm. *Chatman v. State*, (1975) 263 Ind. 531, 334 N.E.2d 673, and cases cited therein. In the instant case the evidence clearly indicates that the defendant had gone to Katy's Massage Parlor earlier in the evening and had returned armed with a shotgun for the purpose of committing a robbery. During the robbery which followed, the decedent was killed by a shot fired from the defendant's gun. It is not unreasonable to infer, from such evidence, that the defendant fired the gun with purpose and malice.

We find no reversible error. The judgment of the trial court is affirmed.

Givan, C.J. and DeBruler, Hunter and Pivarnik, JJ. concur.

NOTE—Reported at 383 N.E.2d 331.