**Lee Thomas LYNK, Petitioner,**

v.

**Jack R. DUCKWORTH and Indiana Attorney General, Respondents.**

**No. S 86–676.**

United States District Court,
N.D. Indiana,
South Bend Division.

April 15, 1987.

Lee Thomas Lynk, Michigan City, Ind., pro se.

David L. Steiner, David A. Nowak, Indianapolis, Ind., for respondents.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

On December 9, 1986, the petitioner, Lee Thomas Lynk, filed, *pro se,* his petition seeking relief under 28 U.S.C. § 2254. This petitioner was convicted of the crime of murder in the perpetration of a robbery in the Lake Superior Court at Crown Point, Indiana, and was sentenced to life on March 23, 1978. This conviction was the subject of a direct appeal reported under the title of *May (and Lynk) v. State,* 265 Ind. 25, 349 N.E.2d 171 (1976), in which the Court spoke through Justice Hunter with Justice DeBruler writing a concurring opinion. Thereafter, this petitioner was granted post-conviction relief by the judge of the Lake Superior Court and was granted a new trial. This new trial resulted in a conviction on both counts on August 29, 1975, and again the case was appealed to the Supreme Court of Indiana which unanimously affirmed the conviction in an extended opinion written by Justice DeBruler and reported in *Lynk v. State,* 271 Ind. 445, 393 N.E.2d 751 (1979). Thereafter, this petitioner filed a petition for post-conviction relief which was denied by the state trial court, and that denial was appealed again to the Indiana Supreme Court which unanimously affirmed the same in an opinion authored by Justice Prentice with Justice Hunter not participating. That case is reported in *Lynk v. State,* 479 N.E.2d 551 (Ind.1985).

With all of these proceedings now stated for the record, it is necessary to state that this petitioner is now serving the aforesaid sentence as an inmate at the Indiana State Prison in Michigan City, Indiana, and that the record pertaining to the aforesaid proceedings has been filed with this court and has been examined here pursuant to the mandates of *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). The return to show cause filed March 9, 1987, shows compliance with *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982). It would appear that the three issues now raised in this petition before this court are:

1. The misconduct of the state trial prosecutor.

2. The restriction of a cross-examination of a witness.

3. The insufficiency of evidence to convict beyond a reasonable doubt.

■ The third issue is the one that will be considered first. Justice Stewart, in *Jackson v. Virginia,* 443 U.S. 307, 323, 99 S.Ct. 2781, 2791, 61 L.Ed.2d 560 (1979), stated:

A judgment by a state appellate court rejecting a challenge to evidentiary sufficiency is of course entitled to deference by the federal courts, as is any judgment affirming a criminal conviction. But

Congress in § 2254 has selected the federal district courts as precisely the forums that are responsible for determining whether state convictions have been secured in accord with federal constitutional law. The federal habeas corpus statute presumes the norm of a fair trial in the state court and adequate state postconviction remedies to redress possible error. See 28 U.S.C. § 2254(b), (d). What it does not presume is that these state proceedings will always be without error in the constitutional sense. The duty of a federal habeas corpus court to appraise a claim that constitutional error did occur—reflecting as it does the belief that the "finality" of a deprivation of liberty through the invocation of the criminal sanction is simply not to be achieved at the expense of a constitutional right—is not now that can be so lightly abjured.

The factual basis of this conviction was elaborately, carefully, and fully stated by Justice DeBruler in the reported decision beginning at 393 N.E.2d at page 752. No good reason would be served by repeating here what can be carefully and fully read there. This is certainly a case in which the court may presume the accuracy of the findings of the highest court in Indiana under 28 U.S.C. § 2254(d). For a recent application thereof, *see United States of America ex rel. Kosik v. Napoli*, 814 F.2d 1151 (7th Cir.1987). It is this court's view that the mandates of § 2254(d) and *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981) squarely apply. Under *Jackson v. Virginia*, the trier of fact in this case could find all of the essential elements of these crimes beyond a reasonable doubt. Justice DeBruler's careful delineation of the facts leads clearly to that conclusion.

■ During this trial, one of the state witnesses, Ervin Hall, was found to be in possession of marijuana. Apparently, the marijuana had been passed to Hall during the trial and was found upon his return to the jail after the trial. Another state witness, Debbie Hall, and her mother were suspected of having slipped the marijuana

to Ervin Hall. During the noon luncheon break in the testimony of Debbie Hall, the state trial judge was advised of the situation and the matter was discussed by Judge Clement with counsel outside the presence of the jury and Judge Clement ruled that the subject of whether Debbie Hall had passed marijuana to her brother, Ervin Hall, was not a proper subject for cross-examination. See the state trial record, pages 448–453. Judge Clement also refused to allow cross-examination of Debbie Hall with regard to any illegal drug transactions between her and one Johnnie May.

On this very important and delicate subject, Justice DeBruler, speaking for the Supreme Court, in Part III of his opinion at page 755 stated:

During the trial the witness Ervin Hall was held in jail, and was found to be in possession of marijuana. Debbie Hall, his sister and also a prosecution witness, was suspected among others of having slipped the contraband to him. During the direct testimony of Debbie Hall the trial court was advised of these developments and upon motion of the prosecution the trial court ruled that the defense could not inquire of Debbie Hall during cross-examination whether she had smuggled marijuana to her brother. Appellant contends that proof of her willingness to perform illegal acts for her brother would show a great love and affection for him and a consequent bias. Appellant argues that the ruling was error in that it prevented him from showing that bias. In *Clark v. State*, (1976) 264 Ind. 524, 348 N.E.2d 27, we observed that courts should be liberal in criminal cases in permitting the bias of witnesses to be delved into for the purpose of impeachment, but that the trial judge has considerable authority in regulating the process. Here the defense sought an admission by a witness of prior illegal activity which had not resulted in a conviction. The probability that she would deny the charge was very great as there was little evidence of her guilt, and as any admission of guilt would be against her interest and that of her brother.

Therefore, in all likelihood the jury would be left to deal with the false and confusing residual impression that illegal activities had taken place under the auspices of the witness or her brother. Furthermore, at the time the judge ruled as he did the jury was already aware from other testimony that Debbie Hall was the sister of the witness Ervin Hall and that her interests were aligned with his. And finally, the love and affection which might have been so great as to render her willing to perform an illegal act for him, standing apart, provides little motive on her part to inflict injury on the party, appellant Lynk, by falsifying or coloring her testimony. The likelihood that the proposed questions would have resulted in an impeaching effect was negligible. We therefore, find a reasonable and adequate basis for the trial judge's ruling.

The most that can be said for this issue is that it is a matter of trial court discretion and not of federal constitutional significance. Justice DeBruler is a former Judge of the Steuben Circuit Court in the State of Indiana and brings to the appellate process that experience. This court is in agreement with his analysis and recognizes that other experienced trial judges might have exercised their discretion differently under these circumstances. However, the issue is one of judicial discretion and not of federal constitutional dimension. See this court's opinions in *Jackson v. Duckworth*, 549 .F.Supp. 1280 (N.D.Ind.1982), and *Collins v. Duckworth*, 559 F.Supp. 541 (N.D. Ind.1983).

This court is also very reluctant to base a decision on the harmless error concepts of *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *See also United States ex rel. Miller v. Greer*, 789 F.2d 438 (7th Cir.1986). This court chooses not to bottom its decision on the basis of harmless error but does suggest strongly that the evidence of guilt here is overwhelming.

■ During the direct testimony of Ervin Hall, the state prosecutor apparently was not getting what he understood that witness' prior statements indicated. The testimony was in reference to a meeting between Ervin Hall and Johnnie May in regard to the entry into Howard Johnson's. At first Ervin Hall testified that Johnnie May went into Howard Johnson's alone, returning after five minutes and that the petitioner, Lynk, May and Ervin Hall drove away. As indicated in the record at pages 256 through 291, the state prosecutor referred Ervin Hall to his previous statements made to the police. Extensive legal arguments followed outside the presence of the jury. After these arguments and a recess, Ervin Hall testified in a manner consistent with his previous statements and stated that the petitioner and May had gone into Howard Johnson's to rob it. The petitioner's trial counsel then asked permission to ask a preliminary question of Ervin Hall as to whether someone had talked to or threatened Hall during the recess or whether the state prosecutor had gone down the hallway and told Hall that he had better change his testimony. Again, the jury was removed from the courtroom and arguments ensued as found in the record at pages 303 to 309. The state trial judge asked questions of the witness Ervin Hall, who indicated that the prosecutor promised to submit a letter to the parole board prior to Hall's parole hearing and this promise caused Hall to testify in a manner consistent with his previous statements. Outside the presence of the jury, the state trial judge then asked further questions which indicated that Ervin Hall was not being promised anything additional to promises already made and known to the defense. Counsel for the petitioner moved for a mistrial which was denied and the trial continued without limitation on the petitioner's ability to cross-examine on this area of inquiry. Justice DeBruler, speaking for the Supreme Court in Part IV of the opinion stated:

Appellant next contends that there was a plea agreement between the witness Ervin Hall and the State which was not disclosed to the defense and that such non-disclosure denied him due process of law. In order to support the factual contention that such an agreement exist-

 

ed, Appellant established in his motion to correct errors that a charge of possession of marijuana had been filed against Hall during the trial below, and dismissed thereafter, and that the filing of such charge was not disclosed. In *Birkla v. State*, (1975) 263 Ind. 37, 323 N.E.2d 645, this Court held that when a prosecution witness testifies in return for favorable treatment by the State, the prosecution must disclose the agreement and its terms. In the case at bar the prosecution disclosed the events surrounding the alleged possession of marijuana in a timely fashion during the trial as they were developing. The trial prosecutor stated that an investigation into the events was in progress and might or might not lead to formal charges. The filing of the formal charge, the lone formative event of which defense counsel clearly stood ignorant during trial, did not occur until after Hall had completed his testimony. In addition to these considerations it is evident that the charge was a mere misdemeanor filed in county court, and was minor when compared with the offense for which Hall was already confined in prison. The penal interest of the State was not great in seeking a conviction on that charge. We agree with the assertion of the State here that to draw the conclusion that Hall or his sister Debbie testified in return for an agreement by the prosecution to later dismiss the possession charge against Hall would be pure speculation.

It was certainly the function of this jury to evaluate the interest, bias, and possible prejudice of the prosecution's witnesses. Judge Clement gave counsel for this petitioner a full opportunity to explore what had occurred with this witness at the recess. This certainly is anything but ideal prosecutorial conduct but it fails to rise to a level of a violation of this petitioner's rights under the Fourteenth Amendment of the Constitution of the United States. It is certainly not so egregious as to deprive this petitioner of a fair trial especially since the jury was made fully aware of the facts. See *Rose v. Duckworth*, 769 F.2d 402 (7th Cir.1985).

A careful review of all the issues presented here and of this record fails to indicate any bases for relief under 28 U.S. C. § 2254.

No such basis is apparent in the record and all relief under § 2254 must be DENIED. WRIT DENIED.