LLOYD v. STATE OF INDIANA.

[No. 29,960. Filed December 19, 1960.]

*Robert S. Baker,* Public Defender, and *Thomas A. Hoadley,* Deputy Public Defender, for appellant.

*Edwin K. Steers,* Attorney General and *Patrick D. Sullivan,* Deputy Attorney General, for appellee.

ACHOR, J.—Appellant and three others, named Caine, Parnell and Hansborough, were indicted for murder in the commission of a robbery, under Acts 1941, ch. 148, §1, p. 447 (being §10-3401, Burns' 1956 Repl.). Caine, who fired the gun which caused the death, pleaded guil-

ty and was separately sentenced. Parnell, Hansborough and Lloyd were tried jointly by a jury and were found guilty and sentenced to life imprisonment on November 14, 1949.

On May 5, 1959, Hon. Robert S. Baker, the Public Defender of the State of Indiana, filed on behalf of the appellant a petition for writ of error coram nobis attacking the judgment. After considering the appellant's verified petition and the affidavits in support thereof, and after hearing evidence in the cause, the court denied the petition.

Because of the decision we have reached, we will consider only one of the grounds asserted in the 23 paragraphs of the petition. This pertains to the inadequacy of appellant's representation by counsel. The undisputed evidence regarding the factual background of the case upon this issue is as follows:

The indictment was filed in the Circuit Court of Johnson County. Each of the defendants engaged separate counsel who appeared of record on their behalf. Frank Sisson, of Indianapolis, now deceased, appeared as counsel for the appellant. Thereafter the venue of the case was changed to Bartholomew County where the case was tried. Prior to the date of trial, James Acker, an attorney of Franklin, Indiana, who represented the defendant Parnell, contacted Edward Morrison, an attorney of Columbus, Indiana, "to act as Mr. Acker's cocounsel for the sole purpose of assisting in the impaneling of the jury."

On the morning of the day of trial, attorney Sisson withdrew from the case because of non-payment of his fee. However, prior to the interrogation of the jury, attorney Morrison asked a fee of $50 from each of the defendants for his services in selecting the jury. He was told by appellant that he did not have $50 and that

he did not want a $50 attorney to represent him in the case. However, upon promise of appellant's sister to pay the requested fee, Morrison entered an appearance for appellant and the other defendants at about 11:00 A. M. on the day of the trial. Thereupon, on inquiry by the court regarding a continuance, attorneys Acker and Morrison stated that they would be ready for trial at 1:30 P. M. Under these circumstances Morrison remained as attorney of record for appellant throughout the trial and, for reasons not disclosed in the evidence, Morrison thereafter not only aided in the selection of the jury but assisted attorney Acker throughout the trial of the case.

However, the evidence is uncontradicted that Morrison never consulted with appellant at any time, other than on the subject of attorney's fees; that he did not consult with appellant regarding appellant's defense either before the trial started or at any time during the trial, and that after appellant's conviction, he did not consult with appellant about the filing of a motion for new trial. For this and other reasons, appellant asserts that he was denied his constitutional right to competent counsel.

As further evidence of the fact that appellant was not adequately represented by counsel, the record discloses that, as asserted by appellant, the defenses of the appellant and the defendant Parnell were, by reason of conflicting statements made by them, antagonistic in nature, so that Morrison could not effectively represent both Parnell and the appellant.

The issue presented here was considered at length in the case of *Abraham* v. *State* (1949), 228 Ind. 179, 185, 91 N. E. 2d 358. In that case the following pertinent propositions of law were enunciated:

"The right to be heard by counsel provided by §13 of Article 1 of the Constitution of Indiana, as well as the due process clause of the Fourteenth Amendment cannot be nullified by the appointment of incompetent counsel who give merely perfunctory or casual representation. *Rhodes* v. *State* (1927), 199 Ind. 183, 156 N. E. 389; *Castro* v. *State* (1925), 196 Ind. 385, 147 N. E. 321; *Wilson* v. *State* (1943), 222 Ind. 63, 51 N. E. 2d 848; *Bradley* v. *State* (1949), 227 Ind. 131, 84 N. E. 2d 580; *Sanchez* v. *State* (1927), 199 Ind. 235, 157 N. E. 1; *State ex rel. White* v. *Hilgemann* (1941), 218 Ind. 572, 34 N. E. 2d 129; *Knox County Council* v. *State ex rel. McCormick* (1940), 217 Ind. 493, 29 N. E. 2d 405, 130 A. L. R. 1427; *Powell* v. *Alabama* (1932), 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158, 84 A. L. R. 527, *supra.*

"This right is not defeated merely because an accused himself employs incompetent counsel who affords inadequate representation. *Sanchez* v. *State, supra.*"

This court, in deciding the *Abraham* case, *supra,* cited among others the case of *Batchelor* v. *State* (1920), 189 Ind. 69, 76-77, 125 N. E. 773, as follows:

"It has been held that a constitutional right to be heard by counsel is not limited to the right to be heard by counsel at the trial, but that the spirit of the provision contemplates the right of accused to consult with counsel at every stage of the proceedings. *People ex rel.* v. *Risley* (1883), 66 How. Pr. (N. Y.) 67; *State* v. *Moore* (1900), 61 Kan. 732, 60 Pac. 748. In the case first cited the court said: 'Perhaps the literal letter of the constitutional provision would be complied with by allowing to the accused the benefit of counsel upon the "trial," but such a construction would illustrate the truth of that part of the old legal maxim which declares: "The letter killeth," and disregard its conclusion, "while the spirit giveth life." Undoubtedly the clause of the Constitution under consideration was adopted to secure to the accused person all the benefits which

could flow from the employment of counsel to conduct his defense; and to give him those it is essential that he should be allowed to consult with his counsel not only during the actual trial, but prior thereto, in order to prepare for his defense. Where a right is conferred by law, everything necessary for its protection is also conferred, although not directly provided for. The privilege of the presence of counsel upon the trial would be a poor concession to the accused if the right of consultation with such counsel prior to the trial was denied. To give life and effect, therefore, to the provision of the Constitution under consideration, it must be held to confer upon the relator every privilege which will make the presence of counsel upon the trial a valuable right, and this must include a private interview with his counsel prior to the trial.' "

It is particularly significant to note, that the above quoted *Batchelor* case was one of the cases relied upon by the Supreme Court of the United States in deciding the celebrated Scottsboro case of *Powell* v. *Alabama* (1932), 287 U. S. 45, 57, 53 S. Ct. 55, 60, 77 L. Ed. 158, 165, 84 A. L. R. 527, wherein the Supreme Court said:

". . . In any event, the circumstance lends emphasis to the conclusion that during perhaps the most critical period of the proceedings against the defendants, that is to say, from the time of their arraignment until the beginning of their trial, when consultation thoroughgoing investigation and preparation were vitally important, the defendants did not have the aid of counsel in any real sense, although they were as much entitled to such aid during that period as at the trial itself. *People ex rel. Burgess* v. *Risley*, 66 How. Pr. (N. Y.) 67; *Batchelor* v. *State*, 189 Ind. 69, 76; 125 N. E. 773."

This court, in *Hoy* v. *State* (1947), 225 Ind. 428, 437-438, 75 N. E. 2d 915, expressly approved the following language of the Supreme Court of the United States in

*Powell* v. *Alabama, supra.* In the *Hoy* case this court stated:

> "In *Powell* v. *Alabama* (1932), 287 U. S. 45, 58, 77 L. Ed. 158, 165, 53 S. Ct. 55, 60, the United States Supreme Court held that placing a defendant upon trial with no counsel until the morning of the trial date, was a denial of effective aid by counsel and a violation of due process under the Fourteenth Amendment. Mr. Justice Sutherland, speaking for the majority, said:
>
> 'It is not enough to assume that counsel thus precipitated into the case thought there was no defense, and exercised their best judgment in proceeding to trial without preparation. Neither they nor the court could say what a prompt and thoroughgoing investigation might disclose as to the facts. No attempt was made to investigate. No opportunity to do so was given. Defendants were immediately hurried to trial. Chief Justice Anderson after disclaiming any intention to criticize harshly counsel who attempted to represent defendants at the trials, said: "The record indicates that the appearance was rather pro forma than zealous and active." Under the circumstances disclosed, we hold that defendants were not accorded the right of counsel in any substantial sense. To decide otherwise, would simply be to ignore actualities. . . .' "

The principle announced by both the Supreme Court of Indiana and the Supreme Court of the United States is, that the constitutional right to counsel includes not only the right to representation by counsel during trial, but also prior thereto, in order that such counsel may be prepared for a "zealous and active" defense. In the case at bar, appellant was not afforded this right.

On several occasions this court has been called upon to consider what period of time is adequate or sufficient

for counsel to consult with the accused and investigate the facts and prepare for his defense. *Sweet* v. *State* (1954), 223 Ind. 160, 117 N. E. 2d 745; *Bradley* v. *State; Taylor* v. *State* (1949), 227 Ind. 131, 84 N. E. 2d 580; *Hoy* v. *State, supra; Wilson* v. *State* (1943), 222 Ind. 63, 51 N. E. 2d 848. We do not here pretend to fix a minimum period of time which must be allowed by the court in every case between the time of the appointment or employment of counsel and the commencement of trial. This is particularly true since, in this case, there was no consultation between attorney and client relative to the defense of appellant's case. We do, however, hold that where the charge was murder, which carried the penalty of life imprisonment or life itself, a period of two and one-half hours (including the lunch period) was utterly insufficient for consultation, investigation and preparation for trial, resulting in a virtual denial of the appellant's constitutional right to assistance of counsel.

Judgment is therefore reversed, with instructions to grant the petition in error coram nobis.

Bobbitt, C. J., Arterburn, Jackson and Landis, JJ., concur.

NOTE.—Reported in 170 N. E. 2d 904.