## PHILLIP HARTMAN *v.* STATE OF INDIANA.

[No. 1-872A53. Filed February 7, 1973.]

*William C. Erbecker,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Stephen J. Cuthbert,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Appellant was charged with malicious trespass, assault with intent to kill, disorderly conduct, and resisting and interfering with a police officer. Trial was had by jury and appellant was found guilty of disorderly conduct,

resisting and interfering with a police officer, and committing bodily injury upon him. Judgment was rendered on the verdict, sentencing appellant to one to five years in prison and a fine in the amount of $1,000.00.

Defendant-appellant timely filed his *Motion to Correct Errors* which was overruled by the court and this appeal follows.

At arraignment, appellant waived his right to counsel and entered a plea of not guilty and demanded a jury trial. Subsequently, an attorney entered an appearance on behalf of appellant, but withdrew his appearance from the case on December 13, 1971, one day prior to the trial. On December 14, 1971, appellant appeared in court and declared that he was without counsel because of indigency. Judge Baker then appointed an attorney, who happened to be in the court room, to represent appellant. The judge gave the attorney and appellant "a few minutes" to discuss the case.

Appellant contends that he was denied the right to be represented by effective counsel, as guaranteed by the Indiana Constitution, Article 1, § 13, and the United States Constitution, Sixth Amendment as applied through the Fourteenth Amendment. See, *Gideon* v. *Wainwright* (1963), 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799. Appellant states that the court recognized his right to be represented by counsel but failed to see that the right was properly protected and implemented. Appellant points out that the mere appointment of counsel is not sufficient, but that to be effective counsel after appointment must be given the opportunity to adequately prepare the defendant's case for trial. Appellant argues that the right to effective assistance of counsel is meaningless if that counsel does not have time to properly prepare and that such circumstances amount to the denial of the right to counsel. Appellant does not impugn the competency or sincerity of the counsel appointed by the court in this case, but contends that said counsel was ineffective because of the lack of time to prepare for trial.

The right to counsel is fundamental to the American system of justice. This right necessarily embodies the corollary right to effective counsel. The Supreme Court of the United States, in the landmark case of *Powell* v. *Alabama* (1932), 287 U.S. 45, 53 S. Ct. 55, 77 L. Ed. 158, stated as follows:

> "The prompt disposition of criminal cases is to be commended and encouraged. But in reaching that result a defendant, charged with a serious crime, must not be stripped of his right to have sufficient time to advise with counsel and prepare his defense. . . .
>
> "As the court said in *Commonwealth* v. *O'Keefe,* 298 Pa. 169, 173; 148 Atl. 73:
>
> " 'It is vain to give the accused a day in court, with no opportunity to prepare for it, or to guarantee him counsel without giving the latter any opportuinty to acquaint himself with the facts or law of the case. . . .' "

Appellant suggests that the trial court was making an honest effort to assure the defendant a speedy trial as guaranteed by the Constitution and to expedite the case. However, this commendable goal cannot be allowed to deny effective assistance of counsel, as shown by the quotation from *Powell, supra.*

Indiana courts have recognized the need for adequate preparation time for counsel in conjunction with the right to counsel. Our Supreme Court, in the case of *Lloyd* v. *State* (1960), 241 Ind. 192, 170 N.E.2d 904, after quoting extensively, with approval, from *Powell, supra,* stated as follows:

> ". . . the constitutional right to counsel includes not only the right to representation by counsel during trial, but also prior thereto, in order that such counsel may be prepared for a 'zealous and active' defense. . . .
>
> "On several occasions this court has been called upon to consider what period of time is adequate or sufficient for counsel to consult with the accused and investigate the facts and prepare for his defense. [Citing cases.] We do not here pretend to fix a minimum period of time which must be allowed by the court in every case between

the time of the appointment or employment of counsel and the commencement of trial. . . . We do, however, hold that where the charge was murder, which carried the penalty of life imprisonment or life itself, a period of two and one-half hours (including the lunch period) was utterly insufficient for consultation, investigation and preparation for trial, resulting in a virtual denial of the appellant's constitutional right to assistance of counsel."

In the case of *Hoy* v. *State* (1947), 225 Ind. 428, 436, 75 N.E.2d 915, the court stated:

". . . The right to counsel includes reasonable time for counsel to prepare for trial under the circumstances in each particular case if the right is to give a fair opportunity to safeguard the rights of a defendant charged with crime. The right to investigate and confer with witnesses as well as subpoena them is included in representation by counsel. 'Compulsory process' is vain if counsel has no time to make the right available."

The court reaffirmed this fundamental principle in the case of *Bradley* v. *State; Taylor* v. *State* (1949), 227 Ind. 131, 84 N.E.2d 580, as follows:

"The fundamental right of a defendant in a criminal case to have competent counsel assist him in his defense carries with it as a necessary corollary, the right that such counsel shall have adequate time in which to prepare the defense." [Citing cases.]

The court held that three days in that case was not sufficient time for the attorneys to adequately prepare a defense.

See, also, *Rice* v. *State* (1942), 220 Ind. 523, 44 N.E.2d 829; *Sweet* v. *State* (1954), 233 Ind. 160, 117 N.E.2d 745.

Appellee, State of Indiana, contends that appellant was not denied effective counsel. The State's position is based principally on the doctrine of waiver. The State argues that appellant had the opportuinty to move for a continuance, refused to do so, and, thereby, waived his right.

The State admits that appellant had a right to counsel and that, in order for said counsel to be effective, counsel should have a reasonable time to prepare a defense. The State con-

tends that the trial judge gave appellant several opportunities to move for a continuance but appellant did not avail himself of these offers. The State further contends that since no motion for a continuance was made and no ruling made thereon, appellant has waived his ground for appeal and the issue of adequate preparation time is waived.

The State points out that appellant took an active part in his defense and was antagonistic and uncooperative with the court. The State argues that a defendant cannot remain silent and allow error, and afterward claim error. *Barker* v. *State* (1958), 238 Ind. 271, 150 N.E.2d 680.

The record discloses that appellant made it quite clear that he was not prepared for trial, wanted more time, and objected to being tried on December 14, 1971.

The record discloses the following dialogue between the trial judge and the defendant, which is devoid of any statement or request or objection by court appointed counsel, as follows, to-wit:

Judge Baker: "And are you ready for trial at this time?"

Mr. Hartman: "I ain't ready, but they ain't much I can do about it. You want to go ahead and have a trial."

\* \* \*

Judge Baker: "Mr. Hartman, are you ready to proceed?"

Mr. Hartman: "I'm not satisfied with the jury. I don't feel like I'm going to get a fair trial. No disrespect for Mr. Foringer [sic, court-appointed counsel] here, but he just dropped in out of the sky, and you expect him to defend me."

\* \* \*

Judge Baker: "And we have to get these cases tried. Is it your view that you need some additional time to prepare for this trial?"

Mr. Hartman: "I'd like for Mr. Foringer to file a petition to lower my bond so I can hire an attorney."

\* \* \*

Judge Baker: "Have you got anything else you want to say?"

Mr. Hartman: "Yal, I want it to go down on the record that I object to this trial here."

Judge Baker: "You don't want a trial, is that right?"

Mr. Hartman: "Yal, I want a trial, but not today."

Judge Baker: "You want a trial when you get ready for one, do you?"

Mr. Hartman: "Like I say, I want it to go down on the record that I object to it."

Judge Baker: "Or do you want ever to be tried?"

Mr. Hartman: "I'm not afraid to try it, but I don't like a stacked deck neither."

\* \* \*

Mr. Hartman: "I want an attorney, I want that made clear."

Judge Baker: "You have one."

Mr. Hartman: "Not one of my choice."

\* \* \*

Mr. Hartman: "In other words, you're going ahead today and have this trial, right?"

Judge Baker: "We're going to have a trial, yes."

Mr. Hartman: "I object to it."

Judge Baker: "Your objection is overruled. . . ."

\* \* \*

Judge Baker: "Well, you requested new counsel, additional counsel, how would that be of any help to you?"

Mr. Hartman: "I want more time to prepare this case. . . ."

\* \* \*

Judge Baker: ". . . You may show that defendant's request for time within which to hire additional or other counsel is overruled."

We note that appellant did not make a formal "motion for continuance." However, from the record hereinabove set out, it is clear that appellant expressed his dissatisfaction with the procedure before voir dire, after voir dire, and again before he presented his case. Appellant pointed out to the court the fact that Mr. Foringer was unfamiliar with the case and expressed his disapproval of said appointment.

The State has pointed out that appellant's counsel did not ask for a continuance. The Supreme Court, in the case of *Sweet* v. *State* (1954), 233 Ind. 160, 117 N.E.2d 745, stated as follows:

"The fundamental right of a defendant in a criminal case to have competent counsel assist him in his defense, carries with it as a necessary corollary the right that such counsel shall have adequate time in which to prepare the defense. [Citing cases.]

"Where a defendant is not granted sufficient time after the appointment of counsel, to prepare his defense, it amounts in substance to a denial of the right to counsel as guaranteed by Art. 1, Sec. 13 of the Indiana Constitution and to a denial of due process of law as guaranteed by the Amendment 14, Sec. 1, of the United States Constitution, as well as Art. 1, Sec. 12, of the Constitution of Indiana. . . .

". . . The pauper counsel made no request for a continuance, to make preparation for trial, which indicates a lack of appreciation of the weighty responsibility cast upon him by his acceptance of the duties of pauper attorney for one charged with such a serious crime. One of these duties was to see that sufficient time was given to prepare the defense. We have heretofore held '. . . Both the judge and the prosecuting attorney have a duty as officers of the court to accord to the accused his constitutional rights. . . .' "

Our courts have traditionally looked with close scrutiny at alleged waiver of constitutional rights.

". . . It has been pointed out that 'court indulge every reasonable presumption against waiver' of fundamental constitutional rights and that we 'do not presume acquiescence in the loss of fundamental right.' A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. . . .

"The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake—is without counsel. The protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly

determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.

\* \* \*

"The purpose of the constitutional guaranty of a right to counsel is to protect an accused from conviction resulting from his own ignorance of his legal and constitutional rights, and the guaranty would be nullified by a determination that an accused's ignorant failure to claim his rights removes the protection of the Constitution. . . ." *Johnson* v. *Zerbst* (1938), 304 U.S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461.

The record in the case at bar reveals that counsel was appointed for appellant on the morning of the trial. Appellant and court-appointed counsel had only a few minutes to discuss the case. The attorney had no knowledge of the case or any possible defenses. Certainly, under the guidelines set out herein, counsel did not have sufficient time to adequately prepare for the trial.

It is our opinion that appellant did not waive his right to adequate time for preparation by counsel and that the said constitutional right was violated. We note from the record that the trial court did attempt to be fair to appellant while attempting to expedite the case.

This court takes cognizance of the fact that thirty citizens of Lawrence County had responded to the call of duty as jurors and were waiting in the jury room to serve as jurors in the case at bar if their services were needed. We further recognize that it is an expense to the taxpayers to bring in a jury and that trial judges will extend every effort to use a jury when present.

We also know that our trial courts' dockets become congested when cases set for trial are not tried, which frequently causes delay in the trial of meritorious cases which the lawyers are anxious to try.

All the above facts lead to a state of confusion in the courts and are often misleading to the citizenry, who sometimes feel it is the fault of the trial judge that cases do not move.

No doubt these things were in the trial judge's mind, along with the fact that counsel of defendant's own selection had been forced by the defendant to withdraw the day before the trial and after the subpoening of the jurors. We can, therefore, readily see why the trial judge deemed it his duty to try this case on the date set.

However, it is one of the penalties and burdens of being a trial judge to work these things out with the least expense, confusion and loss of time to the court and he is not at liberty under the Constitution of the United States and also the Constitution of the State of Indiana, to force a defendant in a criminal case to stand trial without competent counsel or without court appointed counsel or self selected counsel having adequate time to prepare his defense of the defendant and a sufficient time that he could adequately and properly represent the defendant in the trial of the cause.

The attorney appointed by the court did make a good faith attempt to adequately represent appellant, but, as stated above, the court should have allowed sufficient time for preparation and "a few minutes" is not sufficient.

Cause reversed and remanded for a new trial.

Robertson, P.J. and Lybrook, J., concur.