WILLIAM JONES *v.* STATE OF INDIANA

[No. 2-676A234. Filed January 23, 1978. Rehearing denied February 20, 1978. Transfer denied June 7, 1978.]

*Robert W. Hammerle*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert F. Colker*, Deputy Attorney General, for appellee.

SULLIVAN, P.J. — Jones appeals his jury conviction for possession of heroin. We reverse for the reason that Jones was denied the right to the assistance of counsel as guaranteed by Art. I, § 13 of the Indiana Constitution and the Sixth Amendment to the United States Constitution.

At the October, 1975 arraignment, Jones' trial was set for December 8, 1975. Private counsel was retained in November and the trial was continued to January 5, 1976. However, on December 29, Jones' attorney moved to withdraw from the case because he had not been paid. The motion was heard December 31, and the trial court ordered that Jones pay his attorney by the following day. In the event Jones failed to do so, Public Defender Timothy Burns was "conditionally appointed" to represent Jones.

Burns did not learn of Jones' failure to comply with the court's order until Friday afternoon, January 2, 1976. At the time, Burns was in trial on an unrelated matter. Burns was not contacted by Jones over the week-end and did not meet his client until the morning of trial. Burns stated that he knew nothing about the case and needed time to prepare and, therefore, sought to have the trial continued. His motion was denied and instead, he was given something less than three hours to consult with his client before trial was commenced. Burns renewed his motion for continuance immediately before trial but the trial court, while expressing sympathy for Burns' position, denied the motion, stating that the defendants were "going to learn in this Court that they can't trifle with the Court."

Jones contends that the failure of the trial court to allow his attorney adequate time to prepare his defense amounted in substance to a denial of his right to the assistance of counsel as guaranteed by both the state and federal constitutions. We are compelled to agree.

*Powell v. Alabama* (1932), 287 U.S. 45, 53 S.Ct. 55, established the proposition that the right to assistance of counsel includes, as a necessary corollary, the right to adequate time for preparation. The

Indiana courts have recognized this principle in several cases.[1] Thus,

"[w]here a defendant is not granted sufficient time after the appointment of counsel, to prepare his defense, it amounts in substance to a denial of the right to counsel as guaranteed by Art. I, § 13 of the Indiana Constitution . . ." *Sweet v. State* (1954), 233 Ind. 160, 117 N.E.2d 745, 746.

However, courts are reluctant to "fix a minimum period of time which must be allowed . . . in every case between the time of appointment or employment of counsel and the commencement of trial." *Lloyd v. State* (1960), 241 Ind. 192, 170 N.E.2d 904, 907. The adequacy of time allowed for preparation must be determined on a case by case basis, considering the totality of the circumstances, including the complexity of the issues, the necessity for pre-trial motions, the necessity to interview witnesses and whether the defendant is available to assist in the preparation of his defense.

We are cognizant of the tension between the desire for efficient and expeditious administration of criminal justice and the constitutional guaranties extended an accused. Yet a trial court is not impotent to deal with a dilatory defendant who tries to avoid trial by hiring and firing a succession of attorneys, each time requesting a continuance in order for the lawyer to "adequately prepare."[2] However,

". . . it is one of the penalties and burdens of being a trial judge to work these things out with the least expense, confusion and loss of time to the court and he is not at liberty, under the Constitution of the United States and also the Constitution of the State of Indiana, to force a defendant in a criminal case to stand trial without competent counsel or without court appointed counsel or self selected counsel having adequate time to prepare his defense of the defendant and a sufficient time that he could

1. *Lloyd v. State* (1960), 241 Ind. 192, 170 N.E.2d 904; *Sweet v. State* (1954), 233 Ind. 160, 117 N.E.2d 745; *Bradley v. State* (1949), 227 Ind. 131, 84 N.E.2d 580; *Hoy v. State* (1947), 225 Ind. 428, 75 N.E.2d 915; *Rice v. State* (1942), 220 Ind. 523, 44 N.E.2d 829; *Hartman v. State* (1973), 155 Ind. App. 199, 292 N.E.2d 293.

2. For example, in the case before us, the trial court could have refused private counsel's motion to withdraw, *Magley v. State* (1975), 263 Ind. 618, 335 N.E.2d 811; *Beck v. State* (1974), 261 Ind. 616, 308 N.E.2d 697, appointed private counsel to represent the defendant as a public defender, *State v. Irvin* (1973), 259 Ind. 610, 291 N.E.2d 70, or simply granted the requested continuance. See also, *Fitzgerald v. State* (1970), 254 Ind. 39, 257 N.E.2d 305.

adequately and properly represent the defendant in the trial of the cause." *Hartman v. State* (1973), 155 Ind. App. 199, 292 N.E.2d 293, 297-298.

In the case before us, Jones was tried less than three hours after he first met his trial counsel. Under the facts of this case, we believe this time to be insufficient, as a matter of law, for adequate preparation of a defense and, therefore, the trial court's denial of the motion for continuance was an abuse of discretion and effectively denied Jones' right to the assistance of counsel.

The judgment is reversed and remanded for a new trial.

Garrard, J. (participating by designation) and White, J. concur.

NOTE—Reported at 371 N.E.2d 1314.