Donald E. MARSHALL a/k/a Donald Merrell, Appellant,

v.

STATE of Indiana, Appellee.

No. 481S115.

Supreme Court of Indiana.

Aug. 25, 1982.

Thomas P. Hallett, Hallett & Hallett, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged with one count for Burglary of a dwelling. He was tried before a jury and convicted. He was sentenced to a twelve year term of imprisonment, ten years being the basic sentence and two years added thereon for aggravating circumstances.

Early in the evening of October 10, 1980, appellant came to the home of Mrs. Erisa Thomas in Gary looking for Mrs. Thomas's son Arthur. Mrs. Thomas informed him Arthur was at the home of Judith Davis, the burglary victim, who lived just two doors down the street from Mrs. Thomas. Arthur came over to his mother's house and took appellant back to Davis's home. The

three spent the next several hours visiting with one another there. Around 2:00 A.M. appellant left. At about 3:00 A.M., Arthur Thomas and Judith Davis left and did not return until 7:00 A.M. When they returned they found the front door of the house had been pried open. Several items were found to be missing, including some clothing.

Erisa Thomas testified after directing appellant to Judith Davis's home early in the evening, she did not see him again until about 4:45 A.M., when he knocked on her front door and asked if Arthur was there. She replied that he was not. She watched him go toward Judith Davis's home. She also testified a car was sitting in her driveway and kept pace with him as he walked down the street. Mrs. Thomas called the Davis home and got no answer. She got a handgun and walked out into her front yard. She testified she saw appellant on the walkway leading from the Davis residence with some clothing in his arms. She then went back inside the house.

Appellant alleges the evidence is not sufficient to support the verdict of the jury. He recognizes the general rule that in sufficiency questions we review the record for substantial evidence of probative value from which a reasonable inference of guilt beyond a reasonable doubt can be drawn. He contends because the evidence in this case is circumstantial, however, we are required to reverse the conviction because it "fails to exclude every reasonable hypothesis of the presumption of innocence of the defendant".

■ Appellant cites *Easton v. State*, (1967) 248 Ind. 338, 228 N.E.2d 6 in support of his contention. Appellant errs in the assumption the exclusion of every reasonable hypothesis of innocence test is applied by this Court on review of questions of the sufficiency of the evidence. What appellant does not understand is that this test is a trial court standard for determining guilt. A defendant is entitled to an instruction on the test if all the evidence or all the evidence on one element of the offense is circumstantial. However, it does not provide the standard for appellate review in cases where an element or all the elements of the offense are proven by circumstantial evidence. In *Easton* we said:

"Where the evidence of an issuable fact is wholly circumstantial in nature the evidence must be so conclusive and compelling in character that it excludes every reasonable hypothesis of the presumption of innocence of the defendant. *White v. State* (1948), 226 Ind. 309, 79 N.E.2d 771. *While the above rule has been held to be for the guidance of the trial court* and on appeal it is not the province or right of this Court to weigh the evidence, however, it is the duty of this Court to examine the record of the evidence to determine whether there was sufficient evidence substantial in character to support the court's finding on each of the issuable facts or elements of the crime charged beyond a reasonable doubt." (Emphasis added). *Id.* at 344, 228 N.E.2d at 10–11.

Other cases make it clear the standard of review we use on appeal does not require the exclusion of every reasonable hypothesis of innocence to support a guilty verdict. *See, e.g., Hall v. State*, (1980) Ind., 405 N.E.2d 530; *Parks v. State*, (1979) Ind., 389 N.E.2d 286.

Rather, we indicated by the *Easton* case and those cited above, as well as a host of others, on appeal we do not reweigh the evidence nor judge the credibility of witnesses.

■ The evidence that the burglary took place between 3:00 A.M. and 7:00 A.M. is unrefuted. Further, direct evidence in the form of testimony from Mrs. Thomas established appellant was seen on the walkway leading from the Davis home with an armload of clothing. Coupled with Davis's testimony that some clothing was among the property taken from the burglary, it is not unreasonable to infer it was appellant who broke into the home with intent to commit a felony therein.

Appellant points to various factors in the testimony which he claims make it impossible to support a finding of guilt beyond a reasonable doubt. However, we find his

assertions go to the weight of the evidence and do not preclude a finding the evidence and inferences drawn therefrom show guilt beyond a reasonable doubt. He repeatedly refers to a comment made by Mrs. Thomas that what she saw appellant carrying "appeared to be clothes." However, he ignores the fact she also stated affirmatively, "I saw [appellant] coming from Judith's house with some clothes." On several other occasions during direct and cross-examination, she stated without equivocation she saw appellant carrying clothes. Also, appellant asserts it is significant Mrs. Thomas never testified she saw appellant enter or leave the house. However, given all the evidence adduced it is reasonable to infer appellant had entered the house by way of the front door and had done so with the intent to commit a felony therein.

We hold the evidence here, though all circumstantial, is of sufficient probative value to support a finding of guilt beyond a reasonable doubt.

Appellant claims he was not granted adequate time to prepare his defense and as a result was deprived of the right to effective assistance of counsel. The record shows at his December 16, 1980 arraignment, at which he was represented by counsel, he requested a speedy trial. The trial was set for and conducted on December 22, 1980. At the end of that day, the verdict of guilty was returned.

Appellant cites *Powell v. Alabama*, (1932) 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, where the United States Supreme Court held the appointment of trial counsel for defendants on the morning of their trial, when rape was a capital offense, was a deprivation of the right to effective assistance of counsel because such act left counsel with inadequate time in which to prepare a defense. Appellant also cites for our consideration a number of other cases in which we held the timing of the appointment of counsel and the conduct of trial were such that the inadequacy of preparation time amounted to deprivation of the right to effective assistance of counsel. In *Sweet v. State*, (1954) 233 Ind. 160, 117 N.E.2d 745, this

Court held the appointment of counsel on April 11, with trial commencing on April 15, was such a deprivation. In other cases we have held lesser amounts of time between appointment of counsel and trial to be inadequate. *See, e.g., Lloyd v. State*, (1960) 241 Ind. 192, 170 N.E.2d 904 (two and one half hours); *Bradley v. State*, (1949) 227 Ind. 131, 84 N.E.2d 580 (sixty-five and a half hours); *Hoy v. State*, (1947) 225 Ind. 428, 75 N.E.2d 915 (appointment of counsel and trial on the same day).

However, with respect to this question generally, we have observed: "The right to counsel includes reasonable preparation time for counsel to prepare for trial *under the circumstances in each particular case* . . . ." (Emphasis added.) *Hoy, supra*, at 436, 75 N.E.2d at 918. However, in *Lloyd, supra*, 241 Ind. at 199, 170 N.E.2d at 907, while holding two and one half hours between the appointment of counsel and the conduct of trial in a murder case to be inadequate, we stated: "We do not here pretend to fix a minimum period of time which must be allowed by the court in every case between the time of the appointment or employment of counsel and the commencement of trial." More recently our Court of Appeals stated:

"The adequacy of time allowed for preparation must be determined on a case by case basis, considering the totality of the circumstances, including the complexity of the issues, the necessity for pretrial motions, the necessity to interview witnesses and whether the defendant is able to assist in the preparation." *Jones v. State*, (1978) 175 Ind.App. 343, 345, 371 N.E.2d 1314, 1316.

Analyzing the facts in the case at bar, we do not see the six days for preparation here as inadequate, in light of the nature of the case. Both sides agreed to immediate reciprocal discovery. The State called only three witnesses, all of whose statements appellant had access to before trial. Appellant cross-examined all three witnesses, and upon examination of the record we see no deficiencies in the scope or manner of the questioning.

Moreover, at no time did appellant's counsel move for a continuance or indicate any unpreparedness on his part. This is further indication counsel was not inadequately prepared for trial. We also carefully note, however, the fact appellant never moved for a continuance is not a waiver of the right to have adequately prepared counsel represent him. It is only further evidence that under the circumstances in this case counsel felt himself to be adequately prepared to try this case.

We hold appellant was not deprived of the effective assistance of counsel due to counsel's being inadequately prepared for trial.

█ Appellant claims the trial court erred in denying his Motion for Mistrial made during closing argument. The record shows during his rebuttal the prosecutor said, "Now, there is written nowhere that a criminal has to be—has to be smart. There's nowhere written that a crime—person who commits a crime obviously is not an intelligent individual." Further examination of the record shows during appellant's closing argument defense counsel stated: "[I]t would seem to me pretty foolish for someone to, number one go up to [Mrs. Thomas'] house almost announce that this crime is going to be committed, announce that they are looking for her son and then just walk on over . . . . Use your common sense, just don't make—don't make any sense."

█ We find no merit to appellant's argument on this point. The prosecutor's remark was no more than a response to appellant's argument that a finding of guilty was illogical with the proven facts of the case. The prosecutor is entitled to respond to allegations and inferences made by defense counsel during the latter's closing argument, even when such arguments by the prosecutor might otherwise be objectionable. *Lyda v. State*, (1979) Ind., 395 N.E.2d 776; *Rohlfing v. State*, (1949) 227 Ind. 619, 88 N.E.2d 148. We hold there was no error in denying the Motion for Mistrial.

The trial court is in all things affirmed.

All Justices concur.