Norman Z. FLICK, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 482S161.

Supreme Court of Indiana.

Nov. 3, 1983.

**340**

Aaron E. Haith, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Latrielle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Norman Z. Flick, was convicted of forgery, Ind.Code § 35–43–5–2 (Burns 1979 Repl.), of conspiracy to commit forgery, Ind.Code § 35–41–5–2 (Burns 1979 Repl.), of official misconduct, Ind.Code § 35–44–1–2 (Burns 1983 Supp.), and of being an habitual offender, Ind.Code § 35–50–2–8 (Burns 1983 Supp.). The defendant was sentenced to a total of thirty-five years' imprisonment. The following issues are raised on this direct appeal:

1. Whether the trial court erred in refusing to grant the defendant's motion to withdraw;

2. Whether the evidence sufficiently supported the verdict; and

3. Whether the trial court erred in refusing to strike as surplus a prior conviction contained in the habitual offender count.

The facts favorable to the state show that the defendant paid money to Brenda Dillard, an assistant branch manager with the Bureau of Motor Vehicles, in exchange for learners' permits issued in the names of Robert Johnson and Lawson Marlow. Dillard signed the names on the back of the permits and delivered them to the defendant. The defendant later sold one of the permits.

## I.

The defendant's first argument is that the trial court erred when it refused to grant the defendant counsel's motion to withdraw. The trial court, at a pretrial conference on December 23, 1981, denied a motion to withdraw filed by the defendant's attorney at the request of the defendant. The defendant's attorney indicated that the defendant no longer felt private counsel was necessary and that the defendant could not afford to pay an attorney. The trial judge, after determining the defendant was not indigent, denied the motion.

The issue here revolves around the conflict between the effective assistance of counsel and the effective administration of justice. The accused in a criminal prosecution has the uncontroverted constitutional right to have the assistance of an attorney. *Pirtle v. State,* (1975) 263 Ind. 16, 323 N.E.2d 634. The right to one particular attorney, however, is not absolute and unqualified. *Morgan v. State,* (1979) Ind. App., 397 N.E.2d 299. The trial court may refuse to grant a motion to withdraw if it feels there will be an effective delay in the administration of justice. The decision as to whether the motion should be granted is normally best left to the trial court. As stated in *Perry v. State,* (1979) Ind.App., 393 N.E.2d 204, 207:

> "We must ... recognize that the efficient administration of justice is a goal which must be promoted, though never at the expense of an accused's constitutional rights. In Indiana, the natural tension between these two concepts in this context is not resolved by any mechanical rule; rather, the issue is decided by the trial court's exercise of discretion, reviewable only for abuse. *Wombles v. State,* (1979) Ind. [270 Ind. 181], 383 N.E.2d 1037; *Phillips v. State,* (1979) Ind.App. [179 Ind.App. 517] 386 N.E.2d 704."

Under the circumstances of this case, we cannot say that the trial judge exceeded his discretion. The record shows that the defendant's attorney entered his appearance in this case on November 18, 1981. In the months prior to this, the attorney represented the defendant in criminal cases in the federal courts. The attorney was familiar both with his client and the client's case. This familiarity is important, since allowing a substitute counsel would result in a delay while a new attorney prepared for the case. It is also important that by the time the motion was raised at the pretrial conference, both sides had substantially finished their trial preparation. The trial judge could rightfully have concluded that allowing the defendant to proceed *pro se* or to seek new counsel in the middle of the holiday season would substantially and unjustifiably delay the administration of justice.

We must further note that there is no evidence the trial judge's decision prejudiced the defendant. This is not a case where the defendant was burdened by an inept counsel. The attorney, after the denial of the motion, continued to represent his client's interests, filing a motion to strike and a motion in limine before the trial began. During the trial the attorney extensively cross-examined the state's witnesses, offered timely objections, and raised several oral motions. The attorney called witnesses and introduced exhibits. The only indication in the record that the defendant was dissatisfied with his representation is contained in several *pro se* petitions. The petitions, however, were filed *after* the jury returned a verdict of guilty on all seven counts.

Under the circumstances of this case, we cannot say that the trial judge exceeded his discretionary power to refuse to grant a motion to withdraw.

## II.

The defendant's next contention deals with the sufficiency of the evidence. The defendant claims the evidence was insufficient to establish forgery and official misconduct. We will deal with each charge separately, but in both cases the standard of review is the same. This Court will neither weigh the evidence nor judge the credibility of witnesses. Instead, we look at the evidence most favorable to the state

and all reasonable inferences drawn therefrom. *Walker v. State,* (1982) Ind., 442 N.E.2d 696; *Fielden v. State,* (1982) Ind., 437 N.E.2d 986.

A. *Forgery.* Ind.Code § 35–43–5–2 (Burns 1979 Repl.) states:

"A person who, with intent to defraud, makes or utters a written instrument in such a manner that it purports to have been made:

"(1) By another person;

(2) At another time;

(3) With different provisions; or

(4) By authority of one who did not give authority; commits forgery, a class C felony."

The defendant contends the evidence was insufficient to establish the defendant intended to defraud. The basis of this contention is that the record, according to the defendant, is barren of evidence showing the defendant intended to obtain monetary benefit.

█ Our statute does not require monetary gain for a conviction of forgery. What is required is proof of intent to defraud. Here there was sufficient evidence to establish this. The defendant paid Brenda Dillard to obtain unauthorized learners' permits and he provided Dillard with a list of names to use for the permits. One of the permits was in the name of an alias used by Earl William Nave. The other permit was issued in the name of Lawson Marlow, an alias often used by the defendant. The Marlow permit contained the defendant's address, and testimony showed no one besides the defendant lived at this address. Both of these permits were delivered to the defendant's apartment, and the defendant sold one of the permits to Nave for fifty dollars. From all of this, the jury could reasonably infer the defendant intended to defraud the state.

█ B. *Official Misconduct.* The defendant in this case was charged, along with Brenda Dillard, with official misconduct under Ind.Code § 35–44–1–2 (Burns 1983 Supp.). Official misconduct may only be committed by a "public servant," which is defined as a person who:

"(1) Is authorized to perform an official function on behalf of, and is paid by, a governmental entity; or

"(2) Is elected or appointed to office to discharge a public duty for a governmental entity."

Ind.Code § 35–41–1–24 (Burns 1983 Supp.). Since the defendant was not a public servant and since the defendant was tried as an accessory, the issue is whether Brenda Dillard was a public servant. If so, the defendant could be convicted of official misconduct. The defendant, however, contends the evidence was insufficient to establish that Dillard was a public servant.

Ind.Code § 35–41–1–24(1) requires both that a person be authorized to perform an official function on behalf of a governmental entity and that he be paid by the entity. The evidence in this case was sufficient to establish both of these requirements. Keith Alan Fishburn, the director of Driver Licensing and Driver Examiners for the Bureau of Motor Vehicles, testified that Dillard was an employee at Branch 46 and that she attended annual meetings of license branch personnel. He also testified that Dillard was certified to issue learners' permits and drivers' licenses at Branch 46. Dillard testified that she was employed by Branch 46 as an assistant manager. She stated that she was authorized to issue permits and licenses. From the evidence presented, the jury could infer that Brenda Dillard was a paid employee performing an official function for a governmental entity.[1] Since there was sufficient evidence to find that Dillard was a public servant, the defendant could be convicted as an accessory to official misconduct.

### III.

█ During the trial on the habitual offender charge, the state offered evidence of

---

1. The Bureau of Motor Vehicles, Dillard's employer, is a state entity. Ind.Code § 9–1–1–1 (Burns 1980 Repl.).

three prior convictions. These convictions were from 1956, 1960, and 1974. The defendant previously moved to strike the 1974 conviction, but the trial court overruled the motion and allowed the state to introduce evidence of all three convictions. The defendant contends the inclusion of the 1974 conviction was erroneous, since without it the trial court could have reduced the habitual offender sentence under Ind.Code § 35–50–2–8(e) (Burns 1983 Supp.).

The defendant concedes that evidence of a third felony in an habitual offender charge is treated as surplus. *Hall v. State,* (1980) Ind., 405 N.E.2d 530; *Jessup v. State,* (1971) 256 Ind. 409, 269 N.E.2d 374. The defendant nevertheless asserts he was prejudiced because he was not able to benefit from Ind.Code § 35–50–2–8(e). The defendant assumes in his argument that the trial court would have stricken the 1974 conviction if it granted the motion to strike. The trial court instead could have suppressed the 1954 or the 1960 conviction, in which case the 1974 conviction would have prevented the ameliorative provision from being applied. Where, as here, there is a surplus felony contained in the habitual offender charge, the defendant cannot pick and choose the sentence he would like to have stricken. Here the defendant had been convicted of a felony within ten years of the present charge. The trial judge did not err in failing to withdraw this sentence from the jury's consideration in the habitual offender portion of the trial.

For all the foregoing reasons, there was no trial court error, and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.