**Wayman KIMBALL, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 2–883–A–292.**

Court of Appeals of Indiana, Second District.

Sept. 12, 1984.

Rehearing Denied Oct. 18, 1984.

---

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Wayman Kimball, after trial to the court, was convicted of Criminal Recklessness, a class D felony. Kimball was sentenced to an enhanced term of four years imprisonment.

On October 20, 1982, at approximately 6:00 A.M. Almeda Conwell was on her way to work when Kimball, her ex-boyfriend, approached her on the sidewalk. In the course of general conversation, Conwell noticed a small knife in Kimball's hand and grabbed for it. There was a "tussle" during which Conwell was stabbed in the arm and was cut slightly on her breast. There had been no argument. Kimball made no threatening gestures or movements with the knife.

On November 30, 1982, Kimball was represented by public defender John Schwartz. On February 1, 1983, the morning of the date set for trial, Kimball appeared with public defender David Hennessey. Hennessey requested a continuance of a day or so because he was involved in another trial on an unrelated matter that day. The trial judge advised that the case would be tried at 1:00 P.M. that day. He ordered that "somebody from the Public Defender's office should be here by one o'clock." (Record at 42.) At the appointed time public defender Alan Ladd appeared and requested a continuance to reconsider Kimball's waiver of a jury trial and to complete discovery. The motion was denied.

We need address only one issue: whether the trial court erred in requiring the trial to commence immediately, thereby violating Kimball's right to counsel.[1]

---

1. Kimball has also preserved and argues (1) that the State failed to prove scienter, guilt not being established by the mere holding of a knife in the hand during a conversation with another person, even though an injury ensues; (2) that despite references to himself as judge pro tem, the trial judge presided at trial and sentencing as special judge without having been selected pursuant to Criminal Rule 13; and (3) that his waiver of trial by jury was not knowingly and intelligently made. By reason of our determination and because these additional issues may not be involved in the proceedings following remand, we do not address them.

■ The right to counsel is guaranteed by the Sixth Amendment to the U.S. Constitution and Article I, § 13 of the Indiana Constitution. In *Jones v. State* (2nd Dist. 1978) 175 Ind.App. 343, 371 N.E.2d 1314, this court repeated the basic premise that a substantive denial of the defendant's right to counsel results when counsel is not given adequate time to prepare a defense. Our courts have not established a fixed period which must be afforded for preparation. It may vary from case to case. *Marshall v. State* (1982) Ind., 438 N.E.2d 986. It depends upon the nature and complexity of the case, and among other things, the circumstances under which counsel has appeared and "whether the defendant is available to assist in the preparation of his defense." *Jones v. State, supra,* 371 N.E.2d at 1316.

■ However, once it has been established that adequate time was not afforded, such constitutes a denial of the right to counsel and is fundamental error. Prejudice need not be established. *See Martinez v. State* (3d Dist.1983) Ind.App., 449 N.E.2d 307; *Cf. Poe v. State* (1983) Ind., 445 N.E.2d 94.

■ Failure of counsel to prepare for trial despite adequate opportunity to do so presents quite a different question. In the latter instance, the concern is not denial of the right of counsel, but rather the effectiveness of the counsel, in which case prejudice must be demonstrated. *See Dillon v. State* (1983) Ind., 454 N.E.2d 845.

The necessity for opportunity to prepare is clearly recognized in such cases as *Flick v. State* (1983) Ind., 455 N.E.2d 339. In that case our Supreme Court upheld the trial court's denial of a motion to withdraw by defendant's counsel at a pre-trial stage. Justice Hunter, speaking for the court placed emphasis upon the fact that counsel was familiar both with his client and with the case noting:

> "This familiarity is important, since allowing a substitute counsel would result in a delay while a new attorney prepared for the case." 455 N.E.2d 339, 341.

To the same effect is *Potter v. State* (1983) Ind., 451 N.E.2d 1080.

The cases of this genre uniformly emphasize that appointment or employment of substitute counsel at the last minute interferes with the efficient administration of justice precisely because a defendant's right to have sufficient time for his trial advocate to prepare for the defense requires a delay in the disposition of the cause.

Even more to the point is *Thomas v. State* (1969) 251 Ind. 546, 242 N.E.2d 919. The opinion by Justice Hunter speaking for a unanimous court set forth the salient facts as follows:

> "The court appointed the public defender to represent the appellant, and the arraignment was continued until August 29th. On August 29, the public defender and his associate appeared with the appellant, waived further arraignment, and entered a plea of not guilty to both counts of the affidavit. On November 11, the associate public defender resigned from his employment, and all the cases on which he was then working were turned over to the one remaining public defender. On November 18, a trial was held, and the appellant was represented in court only by this public defender."

and held:

> "Article I, § 13 of the Indiana Constitution requires that pauper defendants in criminal proceedings be provided legal counsel at public expense. *Knox County Council v. State ex rel. McCormick* (1940), 217 Ind. 493, 29 N.E.2d 405.
>
>> 'The constitutional requirement is satisfied when the defendant has had the benefit of the advice and guidance of a reputable and competent attorney. If at any stage of the proceedings the appointed counsel is unable to continue, it is the duty of the trial court to appoint other reputable and competent counsel so that the defendant shall have the benefit of counsel at all stages ....' *State ex rel. White v.*

*Hilgemann* (1941), 218 Ind. 572, 578, 34 N.E.2d 129.

This court has consistently held that the counsel so provided must be competent and be allowed adequate time in which to prepare a defense. *Wilson v. State* (1943), 222 Ind. 63, 51 N.E.2d 848." 251 Ind. at 549–550, 242 N.E.2d 919.

Later, in *Graham v. State* (1973) 261 Ind. 330, 303 N.E.2d 274, our Supreme Court considered a claim of inadequate time for trial preparation when the record disclosed that counsel had been appointed on the morning of trial and had only consulted with the defendant for twenty minutes. It was held that such fact would "unhesitatingly lead this Court to the conclusion that the right to effective counsel was impaired", were it not for the fact that the defendant had been offered and had refused a continuance.

█ Our view is not altered by the fact that the public defender representing Kimball at trial was one of several individuals who served as public defenders in a seemingly unified structure. A public defender system involving many individual attorneys does not constitute a single entity for purposes of determining the right to adequately prepared counsel. The defense of a client may not be passed from an individual attorney to a succession of other individual attorneys even within the same law office if there is a loss of continuity and an adverse effect upon the preparation of the defense. There are salient rules and principles of legal representation which support our conclusion. There are ethical considerations which, from the perspective of the attorney, militate against successive representation without adequate preparation.

Ethical Consideration 2–32 and Disciplinary Rule 2–109 of the Indiana Rules of Professional Responsibility emphasize the importance of a thorough familiarity with a client's case in litigation. It places upon an attorney who withdraws for compelling reasons the burden of minimizing the possible adverse effect upon the rights of the client and the possible prejudice to the client. It would seem that the trial court should be no less considerate of the rights of a defendant. *See Ashbrook v. Ashbrook* (1st Dist.1977) 174 Ind.App. 134, 366 N.E.2d 667. Even more to the point from the perspective of counsel is Ethical Consideration 2–31 which states that full availability of legal counsel requires that lawyers who undertake representation complete the work involved and Disciplinary Rule 6–101 which succinctly and straightforwardly forbids a lawyer from handling a legal matter without preparation adequate in the circumstances. It would seem that a trial court should not place an attorney in such circumstances.

In a formal opinion by the Legal Ethics Committee of the Indiana State Bar Association, it was held that a transfer of a client's case from one attorney to a different attorney even within the same law firm should not occur without the knowledge and consent of the client. *Legal Ethics Opinion No. 6 of 1974*, Res Gestae, Oct., 1974, p. 29. In this connection Ethical Consideration 4–2 cautions against association of another lawyer in the handling of a matter without consent of the client after full disclosure.

There is no hint in the record before us that Kimball was advised either by the trial court or by his initial legal representative on the Public Defender's staff that different persons might represent him at different times. *See Professional Ethics Opinion 1428*, 65 ABA Journal 971.

We do not condone a seeming inefficiency in the Public Defender system nor an inability to monitor its trial calendars so as to protect the client's right to due process and to assistance of counsel. Nevertheless such fault on the part of the Public Defender system may not be attributed to the defendant himself. He is entitled to consult, in advance of the trial, with the counsel who is to represent his interests. *Batchelor v. State* (1920) 189 Ind. 69, 125 N.E. 773.

In this case, public defender Ladd appeared for the first time at the very mo-

ment of trial and Kimball had no opportunity to speak with him before the trial began.

The State points out that Kimball's attorney told the court that he had time to prepare his case. Notwithstanding Mr. Ladd's statement to the trial court that he had "had time to prepare this case and take a look at the file," (Record at 47) such does not negate the right of the defendant to participate in the preparation of his defense and to consult with his attorney in that regard. *Martinez v. State, supra*, 449 N.E.2d 307. *See also Marshall v. State* (1982) Ind., 438 N.E.2d 986 (holding that failure to request continuance does not waive the right to adequately prepared counsel).

Neither may we resolve the issue by viewing the nature and extent of the actual representation afforded at the trial in an attempt to excuse or forgive the denial of this right. As observed in the commentary to the ABA Standards for Criminal Justice, the Defense Function 4.1, the effectiveness of an attorney's advocacy is not measured solely by what he does in the trial because without careful preparation he cannot fulfill his role. Furthermore, as we have noted, the efficiency with which counsel proceeds during trial, and the wisdom of his tactical or strategic decisions, is of no moment if there was no opportunity for consultation with the defendant and thus no opportunity to prepare a defense of the client's cause. *Hartman v. State* (1st Dist. 1973) 155 Ind.App. 199, 292 N.E.2d 293.

The trial court's denial of the motion for a continuance was an abuse of discretion and effectively denied Kimball the right to assistance of counsel.

The judgment is reversed and the cause is remanded for further proceedings.

SHIELDS, J., concurs.

BUCHANAN, C.J., dissents with opinion.

BUCHANAN, Chief Judge, dissenting.

I dissent respectfully, but emphatically.

The sixth amendment right to counsel embodies two distinct privileges. The right to assistance of counsel is protected by ensuring ample defense preparation time. *See Powell v. Alabama*, (1932) 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158; *Hartman v. State*, (1973) 155 Ind.App. 199, 292 N.E.2d 293. And, the right to competent counsel is guaranteed by providing adequate legal representation. *See Dillon v. State*, (1983) Ind., 448 N.E.2d 21; *Davis v. State*, (1983) Ind., 446 N.E.2d 1317.

Kimball's appeal is directed to the allegedly deficient preparation time afforded his counsel. Our focus in such cases is whether "the time of the *appointment* of counsel and the conduct of trial were such that the inadequacy of preparation time amounts to deprivation of the right to effective assistance of counsel." *Marshall v. State*, (1982) Ind., 438 N.E.2d 986, 988 (emphasis supplied). "The adequacy of time allowed for preparation must be determined on a case by case basis, considering the totality of the circumstances, including the complexity of the issues, the necessity for pretrial motions, the necessity to interview witnesses and whether the defendant is able to assist in the preparation." *Jones v. State*, (1978) 175 Ind.App. 343, 345, 371 N.E.2d 1314, 1316, *trans. denied.*

The majority apparently views the appearance of successive deputy public defenders as new appointments of counsel. I do not. *Only one appointment of counsel occurred* —designation of the public defender's office to represent Kimball, which it did for over two months prior to trial. Once appointed, the public defender's office functioned as one unit, pooling its resources and manpower to achieve the best possible representation of its multiple clients. *See, e.g., Harris v. State*, (1981) Ind., 427 N.E.2d 658 (when defendant does not employ private counsel, *he* has no right to choose court appointed counsel).

Reviewing the totality of the circumstances from this perspective, I can find no violation of Kimball's sixth amendment

rights. Kimball was accompanied by a public defender at his first court appearance on November 23, 1982, when he waived arraignment and pled not guilty. *Record* at 9. From that day to the day of trial, February 1, 1983, Kimball's counsel sought on his behalf a waiver of jury trial, *record* at 11, a speedy trial, *record* at 12, a bond reduction, *record* at 12, discovery from the State, *record* at 14–17, and two trial continuances. *Record* at 21, 40–46. Defense counsel also interviewed the State's only witness, the victim, *record* at 40–41, and public defender Schwartz, who had conducted the majority of Kimball's pretrial preparations, and public defender Ladd, who actually presented Kimball's defense, both indicated to the trial judge that public defender Ladd was adequately briefed on the case. *Record* at 46–47.

By comparison, in *Marshall, supra,* our supreme court unanimously agreed that defense counsel had been given adequate preparation time in a case which resulted in the defendant's conviction of burglary of a dwelling and imprisonment for twelve years. The *six days* counsel spent preparing the defense was sufficient because immediate reciprocal discovery occurred, the State called only three witnesses, all of whom were accessible before trial and were cross-examined by counsel at trial, and counsel indicated no need for more time. Kimball's counsel spent more than *two months* actively preparing for trial of a relatively straightforward criminal recklessness case. *See also Collins v. State,* (1982) Ind., 431 N.E.2d 802.[1]

If the rationale of the majority prevails, it would often be impossible for either a private law firm or the public defender's office to ever adequately represent criminal defendants, and the wheels of justice would turn even slower.

Kimball's conviction should be affirmed.

---

1. During the sentencing hearing, Kimball indicated he was satisfied with the competency of public defender Ladd at trial. However, although Kimball could point to nothing that he thought public defender Ladd could or should have done differently, he would have preferred representation at trial by public defender Schwartz, with whom he had personally spoken and worked with in preparation for trial. *Record* at 91–92.