**Rodney James WAYE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1284S485.**

Supreme Court of Indiana.

April 25, 1986.

542

Richard L. Swartz, Wabash, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A trial by jury resulted in a finding of guilty of Burglary, a Class C felony, Attempted Theft, a Class D felony, and a finding that appellant was an habitual offender. He received an eight (8) year sentence on the burglary charge which was enhanced by thirty (30) years by reason of the finding of the status of habitual criminal. He was sentenced to four (4) years on the theft charge, the sentences to run consecutively.

To support the charge of habitual offender, the State presented evidence of a felony conviction for the possession of a controlled substance which occurred in 1974, a felony conviction for safe burglary which occurred in 1976 and a felony conviction for escape which occurred in 1977.

Appellant now questions the felony conviction for possession of a controlled substance by reason of the fact the record submitted in evidence in this cause shows that appellant was not represented by an attorney in those proceedings. He cites cases which correctly hold that merely asking an appellant if he wants an attorney is not tantamount to giving him proper advisement that he is entitled to have an attorney at state expense; however, those cases are not applicable in the case at bar.

█ The record submitted by the State does not contain the transcript of the full advisement of appellant at the time he entered a plea of guilty on that charge. We

must presume verity of the record presented. Appellant may not maintain a collateral attack on prior convictions during the habitual offender phase of his prosecution. *Jones v. State* (1981), Ind., 425 N.E.2d 82.

Appellant also challenges the conviction for escape on the ground that when he was originally sentenced on this charge he received a misdemeanor penalty. He filed a post-conviction relief petition in that cause, which was granted. Subsequently, he was re-sentenced on the same charge as a felony.

█ Again, he cannot collaterally attack this prior conviction during the habitual offender phase of this case. However, if we would assume for the sake of argument that such conviction should be disregarded, the record nevertheless shows there are two prior felony convictions not counting the escape conviction. Proof of a third felony conviction in a hearing to establish an habitual offender status is mere surplusage. The State is only required to prove two prior existing felonies. *Flick v. State* (1983), Ind., 455 N.E.2d 339.

The trial court is affirmed.

All Justices concur.